61 So.2d 646 (1952)
PETITION OF FLORIDA BAR, etc.
Supreme Court of Florida, en Banc.
August 1, 1952.
Rehearing Denied November 14, 1952.
Wm. A. McRae, Jr., Bartow, President, Donn Gregory, Tampa, Chairman, Committee on Legal Education and Admission to the Bar.
TERRELL, Justice.
This is a petition of the Florida Bar, directing the attention of this court (1) to Chapter 26655, Acts of 1951, F.S.A. § 454.031 and (2) to a study and report of the *647 Committee on Legal Education and Admission to the bar which finds:
"(a) This Court has full power and authority to and should take charge and control of all unexpended monies which have been paid over to the State Board of Law Examiners and all monies which shall hereafter be paid over to the State Board of Law Examiners.
"(b) In order to properly carry on its administrative functions the State Board of Law Examiners is in need of the services of an administrative officer who will devote his full time and attention to the affairs and functions of said board.
"(c) There are sufficient funds coming into the hands of said board with which to employ such a full time administrative officer."
The petition prays (1) that by appropriate order this court take charge of all unexpended monies which have heretofore been paid over to the State Board of Law Examiners, including those which may hereafter be paid over to it, and require said board to make such report to this court in respect to said funds as deemed advisable. (2) Direct the State Board of Law Examiners to employ an administrative officer who will devote his full time and attention to the duties of said board and report to this court with respect to such employment.
It is contended that Chapter 26655, Acts of 1951, fortified by the inherent power of this court, is ample to warrant an affirmative answer to the petitioner's prayer. It is true that courts of general jurisdiction have certain inherent or implied powers that stem from the constitutional or statutory provisions creating the court and clothing it with jurisdiction. In other words, regularly constituted courts have power to do anything that is reasonably necessary to administer justice within the scope of its jurisdiction, but not otherwise. Inherent power has to do with the incidents of litigation, control of the court's process and procedure, control of the conduct of its officers and the preservation of order and decorum with reference to its proceedings. Such is the scope of inherent power, unless the authority creating the court clothes it with more. The legislature has not seen fit to enlarge the inherent power of this court, so we are without power to authorize the appointment of an administrative officer for the State Board of Law Examiners.
Neither do we think Chapter 26655, Acts of 1951, can be construed to authorize such an appointment. Section 2 of said act authorizes this court to impose additional duties on the State Board of Law Examiners essential to effectuate the purposes of the act, but these duties pertain to qualifications of examinees for admission to the bar and standards of admission. There is not a suggestion in the title or body of the act relating to the employment of additional help or the appropriation of funds for that purpose.
Another reason forbidding an affirmative answer to this question inheres in the doctrine of the separation of powers. This doctrine was embedded in both the State and Federal Constitutions at the threshold of constitutional democracy in this country. The distribution of powers into three departments was not designed to promote haste or efficiency but to head off autocratic power and insure more careful deliberation in the promulgation of governmental policy. Reason and forethought are its great components. The makers of the Constitution knew the evils of arbitrary power and used every means at hand to prevent it. Creating officers or positions and allocating public funds to support them, are clearly legislative prerogatives that the judiciary has no right to interfere with, absent specific authority from the legislature.
In answer to that part of the petition praying that this court take over all unexpended monies that have heretofore, or may in the future be paid over to the State Board of Law Examiners, and make report thereon, it appears that the legislature by Chapter 25068, Acts of 1949, F.S.A. § 282.001, took charge of these funds. Section 4 of said Act requires that they be paid into the General Revenue Fund. Since *648 we are advised that Section 4 of said act has been complied with, the only way these funds can now be reached is by legislative appropriation. It is generally conceded, and has been repeatedly held, that the legislature controls the purse strings, and that funds once in the treasury cannot be reached except by legislative appropriation.
We think the petition has great merit and the aims it seeks to accomplish much needed, but being a legislative prerogative, we are forced to deny it.
It is so ordered.
SEBRING, C.J., THOMAS, HOBSON, ROBERTS, MATHEWS, JJ., and HOCKER, Associate Justice, concur.