134 So.2d 513 (1961)
Arthur James MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. C-413.
District Court of Appeal of Florida. First District.
November 14, 1961.
Carlton L. Welch, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Joe L. McClung, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
This cause is before the court on the State's motion to dismiss the appeal on the ground that the notice thereof was not filed within ninety days after entry of the judgment or sentence as required by statute,[1] and this court therefore has no jurisdiction to entertain the appeal.
Appellant was tried and convicted of murder in the second degree in the Circuit Court of Madison County. Judgment and sentence were entered on October 12, 1960. Appellant sought and procured an order from the court allowing fifteen days from the rendition of the verdict within which to file a motion for new trial. Because of an apparent misunderstanding between appellant's co-counsel, the motion for new trial was not filed with the clerk of the court until the sixteenth day after rendition of the verdict, and one day beyond the time limited by statute and order of the court. The motion was not objected to because of its untimeliness, but was brought on for hearing before the court who, upon consideration thereof, entered an order of denial. The notice of appeal was filed within ninety days from the order denying the motion for new trial, but more than ninety days after entry of the judgment and sentence. The primary question with which we are concerned is whether the filing of the motion for new trial stayed the running of the time for filing the notice of appeal. If the motion can be considered to have been timely filed under the circumstances present in this record, then the appeal was taken within the time provided by statute and this court would have jurisdiction to consider it. If on the other hand the motion was not timely filed, it would not have the effect of staying the time for filing the notice of appeal and this court would be without jurisdiction to proceed further with the cause.
*514 The statute with respect to criminal prosecutions provides that a motion for new trial may be made within four days, or such further time as the court may allow, not to exceed fifteen days after the rendition of the verdict.[2] In McLendon the Supreme Court held that the provisions of this statute are mandatory, that a motion for new trial filed more than four days after rendition of the verdict is a nullity, and the case stands as though no motion for new trial had been made at all.[3] In Farrior the Supreme Court emphasized that the statute in question is mandatory, and that the limitation of time for filing a motion for new trial is absolute.[4] In Long the defendant secured an order extending for fifteen days from the rendition of the verdict his time for filing a motion for new trial. The motion in that case, like in the case we now review, was not filed until the 16th day after rendition of the verdict. The trial court dismissed the motion on the stated ground that the requirements of the statute were absolute and that the motion was filed too late. This ruling was affirmed on appeal by the Supreme Court.[5]
The clear import of the foregoing decisions is to hold that the time limited by statute for filing a motion for new trial in a criminal prosecution is jurisdictional, and the trial court is without power to consider such motion if it is not filed within the prescribed time.
Analogous to the statute relating to the filing of motions for new trial in criminal prosecutions are the comparable statutes relating to the filing of motions for new trial and petitions for rehearings in civil actions. In a comprehensive opinion by Justice Drew in Ramagli it was held that a motion for new trial not filed within the time prescribed by statute or rule does not toll the time within which an appeal must be taken. In explanation the court said: "We have held on numerous occasions that, after the time for filing a timely and proper motion for new trial or petition for rehearing, the trial court may not directly or indirectly take any action to stay the running of the time within which the appeal must be taken. * * * The orderly administration of justice requires that there be an end to litigation and the Legislature of this State has provided that certain periods of time shall be allowed to obtain a review of final judgments or final decrees of its trial courts. This is a power possessed by the Legislature, one which has been lawfully exercised, and, to the extent mentioned, it fixes and limits the scope of the jurisdiction of the appellate courts over such judgments and decrees. The determination of the time in which appeals may be taken is a legislative and not a judicial function."[6]
In State ex rel. Diamond Berk the notice of appeal was inadvertently filed with the clerk of the District Court of Appeal of the Third District instead of with the clerk of the circuit court of the county from which the appeal was taken as required by statute. It was not until after the time for filing the notice of appeal had expired that the error was detected, whereupon the notice was promptly transmitted to the clerk of the circuit court for filing. The appellee moved to dismiss the appeal on the ground that appellant had failed to file his notice in the office of the clerk of the circuit court within sixty days from the rendition of the judgment sought to be reviewed. Feeling that the error which resulted in the untimely filing of the notice in the proper court was occasioned, at least in part, by the fault of the District Court itself, the court elected to waive the statutory time requirement for filing the notice and denied the motion to dismiss. *515 The Supreme Court granted a writ prohibiting the District Court from proceeding further with the appeal. It was there held that the filing of the notice in the proper court within the time limited by the statute was jurisdictional, and whether the untimely filing was occasioned by the fault of the District Court, or of its clerk, was wholly immaterial.[7] Although that case involved a notice of appeal rather than a motion for new trial, each pleading of this kind has in common the mandatory requirement that it be filed within the time limited by statute, and the court's lack of jurisdiction to consider either if it is untimely filed.
The record in this case reveals without dispute that the motion of appellant for a new trial was not filed within fifteen days from the rendition of the verdict as required by statute. It is exceedingly regrettable that the misunderstanding or confusion which occurred between appellant's co-counsel directly contributed to the untimely filing of the motion. If this were merely a procedural matter which the court in the exercise of its discretion could waive, we would be inclined to do so under the circumstances present in this case. From the foregoing authorities it affirmatively appears, however, that the question with which we are now dealing is jurisdictional and not merely procedural. The motion for new trial having been filed beyond the time limited by statute was a nullity, and the case was in the same posture as if the motion had never been filed. Nothing done by counsel or by the court purporting to waive the untimeliness of the motion could breathe life into it or make it legally efficacious. There is no question but that appellant's notice of appeal was filed more than ninety days after the rendition of the judgment and sentence appealed. It therefore follows that this court is without jurisdiction to consider the appeal irrespective of our inclination to dispose of appeals on the merits when we are legally authorized to do so. The motion of appellee to dismiss the appeal is accordingly granted.
CARROLL, DONALD K., C.J., concurs.
RAWLS, J., specially concurs.
RAWLS, Judge (specially concurs).
The record in this cause reflects:
1. On October 4, 1960, the Circuit Court found defendant insolvent and appointed a local attorney to represent him.
2. The relatives and friends of defendant employed an out of town attorney to assist the Court appointed attorney.
3. On October 11, 1960, after a verdict of murder in the second degree was returned by the jury, the employed attorney moved the trial Court to extend the time for filing motion for new trial, which motion was granted, the time being extended fifteen days to and including the 26th day of October 1960.
4. On October 23, 1960, the employed attorney mailed the original motion for a new trial to the Court appointed attorney for filing by him and mailed a copy of same to the state's attorney.
5. On October 24, 1960, the local Court appointed attorney received the motion for new trial. Instead of filing the motion for new trial with the Clerk of the Circuit Court, which filing at this time would have tolled the running of time for taking an appeal, the Court appointed attorney arbitrarily returned same by mail to the employed out of town attorney. At this stage of the proceedings, it is emphasized that the State Attorney had been served with a copy of the subject motion by mail and that the only unaccomplished step was the "magic of stamping filed on the original *516 of the subject motion" by the Clerk of the Circuit Court.
6. On October 25, 1961, the employed attorney received the motion for new trial in the mail and on the same date mailed the same to the Clerk of the Circuit Court. In the normal course of mail, the subject motion would have been received by the Clerk of the Circuit Court and timely filed on October 26, 1961; however, it was not stamped filed until October 27, 1961, this being one day beyond the statutory fifteen day extension.
7. The state's attorney waived the question of delay in filing and did not raise same at the argument of the motion for new trial. The trial Court entertained consideration of the subject motion and this question was not raised until the Attorney General's office appeared on behalf of the State in this Court.
By reason of the enumerated circumstances, it appears that relief should be available to defendant. The purpose of appointing an attorney to represent defendant is to safeguard to him due process of law. That defendant had the right to appeal is not questionable; to deprive him of that right due to "misunderstanding and confusion" between his employed attorney and Court appointed attorney, in my opinion, is an abuse of due process. We are not here concerned with jurisdiction such as between the Courts of two separate states. The Circuit Courts, District Courts of Appeal, and the Supreme Court form an integral court system; and taking into consideration the circumstances enumerated above I think that due process and justice requires considering the motion for new trial as having been timely filed.
However, I am convinced, after a diligent search of the authorities, that the present decisions of the Supreme Court leave me no alternative but to reluctantly concur in the opinion.
NOTES
[1] F.S. § 924.09, F.S.A.
[2] F.S. § 920.02(3), F.S.A.
[3] McLendon v. State, 90 Fla. 272, 105 So. 406.
[4] Farrior v. State, Fla. 1954, 76 So.2d 148.
[5] Long v. State, Fla. 1957, 96 So.2d 897.
[6] Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648, 651.
[7] State ex rel. Diamond Berk Insurance Agency Inc. v. Carroll et al., Fla. 1958, 102 So.2d 129.