ON MOTION TO DISMISS
SPECTOR, Judge.
The State has filed its motion for dismissal of this direct appeal on the ground that the notice of appeal was not timely filed. Appellant concedes that said notice of appeal was not filed within the prescribed time, but argues that the court should overlook this because the defense attorney was court appointed.
The judgment of conviction herein was rendered on August 10, 1967. A motion for new trial was filed on August 18 by Defense Attorney, James E. Moore, some several days after the four days within which it was required to be filed by Section 920.02(3), Florida Statutes, F.S.A. Nor was there a motion for an extension of time within which to file the new trial motion as is permitted to be made by the cited statute. Although the motion for new trial was not timely filed, the trial court nonetheless considered it and entered an order denying same on November 9, 1967; and on November 28, some 110 days after the date of verdict and judgment, the notice of appeal was filed.
We sympathize with the plight of appellant. However, we are at a loss to arrive at a basis upon which we can continue to exercise jurisdiction of this direct appeal in view of our holding in Miller v. State, 134 So.2d 513. There we cited Justice Drew’s comprehensive opinion in Ramagli Realty Company v. Craver, 121 So.2d 648 (Fla. 1960), holding that a motion for new trial not fiied within the time prescribed by statute or rule does not toll the time within *350 which an appeal must be taken. In his oral argument, counsel for appellant has urged this court to consider the fact that appellant’s retained counsel, Mr. Moore, was acting in the capacity of appointed counsel when he filed the late motion for new trial and that therefore some consideration should be given his case under the line of cases which discusses frustrated appeals. Yet when viewing the instant case in the posture suggested by counsel, we collide with the Supreme Court’s decision in State v. Jones, 204 So.2d 515, holding that an indigent defendant was bound by the acts or failure to act by his appointed counsel in the same manner as would a non-indigent defendant who had retained the most expensive counsel to be had.
If we are to follow the precedents of our own court, as I feel we must, it is incumbent upon us to dismiss this appeal for want of jurisdiction. Said dismissal, of course, is without prejudice to appellant’s right to institute such action as may be appropriate to the determination of whether his conviction may be reviewed in a habeas corpus action in the mode and manner approved by the Florida Supreme Court in Hollingshead v. Wainwright, 194 So.2d 577.
JOHNSON, J., concurs.
RAWLS, Acting C. J., concurs in part and dissents in part.