291 So.2d 74 (1974)
The STATE of Florida ex rel. Louie L. Wainwright, Director, Florida Division of Corrections, Relator,
v.
John W. BOOTH, As Judge of the Circuit Court of the Fifth Judicial Circuit of the State of Florida, Respondent.
No. 74-235.
District Court of Appeal of Florida, Second District.
March 8, 1974.
*75 Robert L. Shevin, Atty. Gen., Daniel S. Dearing, Chief Trial Counsel; and Raymond W. Gearey, Asst. Atty. Gen., of Dept. of Legal Affairs, Tallahassee, for relator.
T. Richard Hagin of Getzen & Hagin, P.A., Bushnell, for respondent.
GRIMES, Judge.
Louie L. Wainwright, Director, Florida Division of Corrections (relator), has filed a suggestion for writ of prohibition seeking to block further enforcement of an order entered by the Honorable John W. Booth, Circuit Judge of the Fifth Judicial Circuit of Florida (respondent).
The controversy centers around the security difficulties in the handling of five defendants during a trial to be held before the respondent in the Sumter County Courthouse in Bushnell beginning March 18, 1974. The defendants are to be tried for murder allegedly committed while they were incarcerated in the Sumter Correctional Institution in Sumter County.
Having concluded that Sumter County did not have adequate manpower or facilities to provide proper housing, security guards and transportation, respondent entered an order directing the sheriffs of his circuit and the relator to deliver the defendants in their custody to the Superintendent of the Sumter Correctional Institution on March 11, 1974, where they are to be held until further order of the court. The order further requires relator to provide daily transportation of these defendants to and from the Sumter County Courthouse during their trials and to supply a contingent of at least seven correctional officers to be responsible for courtroom security under the supervision of respondent.
In an affidavit attached to relator's petition, the Superintendent of Sumter Correctional Institution states that the maximum security area of his institution where persons such as these defendants would have to be housed is completely full and that he could not provide seven correctional officers during the period of the trial without seriously jeopardizing the security of his institution. The problem is compounded by the fact that several of his officers have been subpoenaed to appear as witnesses at the trial. Understandably, the superintendent believes it imperative that the defendants be kept separate from the rest of the inmates at the institution, some of whom are scheduled to be witnesses at the trial.
Thus, it appears that both sides, faced with a difficult problem and motivated by a legitimate concern, have taken conflicting positions from which they are unwilling to retreat. We are called upon to resolve this conflict.
At the outset, it is necessary to consider the propriety of the remedy *76 sought by relator. Traditionally, the writ of prohibition has been employed to prevent the commission of a future act. Jennings v. Frederick, 1939, 137 Fla. 773, 189 So. 1. Prohibition is to prevent a tribunal from taking action in excess of its power while certiorari is to remedy the consequent evils of such action. Lorenzo v. Murphy, 1947, 159 Fla. 639, 32 So.2d 421. Since relator attacks the validity of an order previously entered, we believe certiorari to be the more appropriate remedy. We have, therefore, elected to consider relator's petition as a petition for certiorari. While not a party to the case below, relator has sufficient standing to file this petition since the order is specifically directed toward him. Mackenzie v. Hillsborough County, Fla. 1973, 288 So.2d 200; Dade County v. Strauss, Fla.App.3rd, 1971, 246 So.2d 137.
It comes as no surprise that there is scant legal precedent to guide us in making our decision on the merits. Relator insists that respondent has no authority to require him to house the defendants during their trials, to transport them to and from the courthouse or to exercise custody over them in the courtroom. He suggests that the responsibility for these duties necessarily rests upon the Sheriff of Sumter County.
Respondent relies upon his inherent power as a circuit judge to do all things reasonably necessary for the administration of justice within the scope of his jurisdiction. Cf. Petition of Florida Bar, Fla. 1952, 61 So.2d 646. He argues that since the sheriff is not equipped to maintain effective security under these circumstances, it was reasonable for him to require assistance from the best and most available source, to-wit: the Division of Corrections. Implicit in respondent's position is the thought that since these alleged crimes were committed by the defendants at a time when they were in relator's custody, the least relator could do would be to provide the extra supervision necessary to provide security for their trials. While this may have the ring of fairness, it does not answer the legal question of whether respondent had the authority to enter the challenged order.
Fla. Stat. § 945.025 (1971), F.S.A., provides that relator shall have supervisory and protective care, custody and control of the inmates of the correctional system. It says nothing with respect to his responsibilities in circumstances such as this. The administrative rules and regulations of the Department of Health and Rehabilitative Services governing the Division of Corrections provide that the Division may transfer custody of inmates to state or federal officers for trial or to be witnesses but contemplate that such transfer shall take place at the institution where the inmate is located. However, here, relator does not object to initially transporting such of the defendants now in his custody back to the Sumter Correctional Institution to be turned over to the sheriff at that point.
Fla. Stat. § 30.15(6) (1971), F.S.A., provides that the sheriff shall be the conservator of the peace in his county. Section 30.15(4) specifies that the sheriff, in person or by deputy, shall attend all terms of court. Persons charged with an offense who are not released on bail are to be delivered into the custody of the sheriff. Fla. Stat. § 907.04 (1971), F.S.A. Thus, it appears that the duties which the respondent has ordered be performed by relator are really those which rest upon the sheriff. Presumably, respondent might concede this to be so under normal circumstances, but he asserts that having determined that these duties are beyond the capacity of the sheriff to perform, he has the right to call upon relator for help.
The Supreme Court held in Blackburn v. Brorein, Fla. 1954, 70 So.2d 293, that the duties of a sheriff could be carried out by his deputies but that a deputy sheriff was an officer and, as such, could be appointed only by the sheriff. Similarly, in rejecting the argument that the presiding judge rather than the sheriff had the responsibility *77 of appointing the bailiff, that court in Nicholson v. State, 1896, 38 Fla. 99, 20 So. 818, said:
"It is contended here that it is the province of the judge presiding to appoint bailiffs to take charge of juries while considering their verdicts, and that the sheriff of the county had no authority to appoint one, and substitute him in the place of another, who had been sworn in and put in charge of the jury by the court when they first retired. There is no merit in this contention... . `Bailiffs,' so called, that attend upon the courts, taking charge of its juries, serving process, etc., do nothing more than perform those duties that devolve upon the sheriff; and, in the performance of them, they act in the place and stead of the sheriff, and must get their authority to do so from the sheriff by his appointment... ."
Fully recognizing the inherent power of respondent to do such things as are reasonably necessary for the preservation of order and security incident to his court, we believe that he has exceeded his jurisdiction in attempting to direct relator to carry out these duties. Respondent would be within his rights to direct the Sheriff of Sumter County to take special security precautions in connection with the trial. If the sheriff is not properly equipped to do so, the sheriff could then take such steps as are available to him to obtain the necessary assistance. We are confident that if an emergency arose in Sumter County which was beyond the capacity of the sheriff to handle with his own staff, he could obtain assistance from outside. The unusual circumstances of housing and handling these defendants will have to be treated as such an emergency.
The wisdom of the Legislature in having placed upon the sheriff the sole responsibility for general law enforcement within the county is illustrated by the fact that if respondent's order should stand, there would be grave doubt concerning the status of the seven correctional officers involved while they were trying to carry out the order. These men would be employees of relator carrying out duties imposed by law upon the sheriff under the direction of the respondent. Should something amiss take place, to whom would they answer and what parties would be responsible for their actions?
Certiorari is granted, and respondent's order is hereby quashed.
MANN, C.J., and McNULTY, J., concur.