300 So.2d 257 (1974)
John W. BOOTH, As Circuit Judge for Sumter County, Florida, and Don Page, As Sheriff of Sumter County, Florida, Petitioners,
v.
Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.
No. 45186.
Supreme Court of Florida.
September 11, 1974.
*258 T. Richard Hagin, Randall N. Thornton and David A. Davis of Getzen & Hagin, Bushnell, for petitioners.
Robert L. Shevin, Atty. Gen., and Daniel S. Dearing, Chief Trial Counsel, Tallahassee, and Raymond W. Gearey, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petition for writ of certiorari seeking review of a decision of the District Court of Appeal, Second District, in State of Florida ex rel. Wainwright, Director, Florida Division of Corrections v. Booth, as Judge of Circuit Court of the State of Florida, 291 So.2d 74, filed March 8, 1974, relating to the relative custodial responsibility between the Sheriff of Sumter County and the Director of the Division of Corrections, was filed with this Court and jurisdiction was tentatively accepted by issuance of the writ of certiorari.
Ancillary to such petition for writ of certiorari, and after notice and hearing, this Court entered a Partial Stay and Extraordinary Order in the following language:

"PARTIAL STAY AND EXTRAORDINARY ORDER
This cause is before us on a petition for writ of certiorari to review a decision of the District Court of Appeal, Second District, The State of Florida ex rel. Louie L. Wainwright, Director, Florida Division of Corrections v. John W. Booth, as Judge of the Circuit Court of the Fifth Judicial Circuit of the State of Florida, 291 So.2d 74, filed March 8, 1974, which affects a class of constitutional or state officers within the purview of Article V, Section 3(b)(3).
Ancillary to the petition for writ of certiorari, there is a motion for stay order based on emergency security difficulties in the handling of five defendants (prison inmates) charged with the stabbing death of another prison inmate at Sumter Correctional Institution, and approximately twenty-one prison inmates who have been subpoenaed to appear and testify in the murder trial of the defendants scheduled to begin on March 18, 1974.
The immediate order is made pursuant to the all writs section of Article V, Section 3(b)(4), Florida Constitution, 1973, in which it is provided that this Court may issue all writs necessary to the complete exercise of its jurisdiction.
The trial judge, petitioner herein, concluding that the Sheriff's Office of Sumter County does not have adequate manpower or facilities to provide proper housing, security guards, transportation and other necessary assistance during trial of said defendants, entered an order sua sponte, in camera, entitled "Order Directing Security Measures" directing the Sheriffs of his *259 circuit and respondent to deliver custody of the defendants in their custody to the Superintendent of Sumter Correctional Institution on March 11, 1974, where they are to be held until further order of the court. The trial judge's order also requires that respondent provide daily transportation of these defendants to and from Sumter County Courthouse during their trials and that respondent Wainwright supply a contingency of not less than seven security guards during each day of trial who will remain on such assignment until the conclusion of the trial. Further, order dated February 18, 1974, entitled, "Order for Transfer of Inmates," was entered requiring respondent to transport certain named witnesses (inmates) to the State Attorney's Office for hearing.
Petition for writ of prohibition treated by the District Court as certiorari was filed by respondent, herein, to review the trial court's order and was granted by the District Court. Finding that the trial court had exceeded its jurisdiction in attempting to direct Respondent Wainwright to carry out the specified duties of assisting the Sheriff and that the trial judge would be within his rights to direct the Sheriff of Sumter County to take special security precautions in connection with the trial, the District Court quashed the order of the trial court holding in effect that the Sheriff of Sumter County had full and exclusive responsibility for the custody and security of the defendants and inmate witnesses. Review of that decision by the District Court is sought here by certiorari, which petition is now pending.
Pursuant to authority contained in Article V, Section 3(b)(4), Florida Constitution, 1973, and because of the peculiar facts of the cause sub judice and the particular emergency created by scheduling the beginning of the trial for March 18, 1974, this Court has elected, in its discretion, to issue the following extraordinary stay order and directive:
1. The Sheriff of Sumter County assisted by his deputies and aides is the sole and exclusive custodian of the five defendants from a short day before the trial begins until final disposition at the conclusion of the trial, and the Director of the Florida Division of Corrections is directed to deliver such defendants to the Sheriff at the respective institutions on his demand after notice and take receipt therefor after which their protection, security, custody, and control will be the responsibility of the Sheriff.
2. The Respondent, Louie L. Wainwright, as Director of the Florida Division of Corrections, has had, has now, and will continue to have the sole and exclusive responsibility for the protection, confinement and maintenance of the approximately twenty-one inmate witnesses now in his custody but shall deliver same to the Circuit Court of Sumter County, Florida, in divided groups[*] in accordance with the proposed schedule of appearance as witnesses and the requests of the Sheriff of Sumter County and while such witnesses are en route to or in the Courthouse of Sumter County, the Respondent Wainwright shall have the primary responsibility for their security, custody, control and maintenance but, if assistance is needed, the Sheriff of Sumter County is directed to provide, at the request of the Respondent Wainwright or his agents, such additional assistance or protection as may be required.
3. The provision of the trial court's order requiring that not less than seven guards, now under the control of the Respondent Wainwright, be provided to him is stayed and the Respondent Wainwright shall make the determination of the number of guards and the method and manner of performing his duties as required under this Order.
It is so ordered."
*260 Justice ROBERTS specially concurred to the order in the following language:
"I concur in the judgment because of the emergency situation established by the facts incident to this particular case but under general circumstances, it is my view that the Sheriff, as Executive Officer of the Court, has the primary responsibility for persons whether they be defendants or witnesses who are within the custody of the Court."
Since the entry of the aforementioned order by this Court, the situation provoking the litigation has been terminated and the cause is now moot.
So, the Petition for Writ of Certiorari is
Discharged.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.
NOTES
[*] In the interest of security of the public, the witnesses, and the defendants, suggestion is respectfully made that the twenty-one inmate witnesses be brought to the courtroom in small groups rather than all at one time.