326 So.2d 32 (1976)
Darryl FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1617.
District Court of Appeal of Florida, Fourth District.
January 9, 1976.
Rehearing Denied February 9, 1976.
*33 Richard S. Rhodes, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of first degree murder. The only issue he raises on appeal is the sufficiency of the evidence to show premeditation. We conclude that this point is without merit.
We comment briefly on what might appear, at first blush, to be fundamental error even though not argued. Appellant testified in his own behalf, relating a version of the incident which, if believed, would tend to partially (if not totally) exonerate him. Upon cross-examination the prosecutor elicited from appellant an admission that he had remained silent at the preliminary hearing. This was improper. United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); Bennett v. State, 316 So.2d 41 (Fla. 1975); Jones v. State, 200 So.2d 574 (Fla.App.3rd, 1967). Defendant's counsel initially objected, but then withdrew the objection, apparently because he intended to show on redirect examination that appellant's silence at the preliminary hearing was the result of advice of counsel. There was no motion for a mistrial, no motion to strike this testimony, nor any motion for the court to instruct the jury to disregard such testimony. In short, there was no judicial error, and we are not inclined to hold it as fundamental error in view of defense counsel's tactical decision to withdraw his objection.
Affirmed.
WALDEN, C.J., and OWEN and DOWNEY, JJ., concur.