366 So.2d 1271 (1979)
Darryl FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-149.
District Court of Appeal of Florida, Fourth District.
February 7, 1979.
Richard S. Rhodes, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from the trial court's denial of appellant's motion for post-conviction relief which sought a belated review by the trial judge of the sufficiency of the evidence on the grounds that his privately retained counsel had failed to file a motion for new trial following appellant's conviction for murder in the first degree. We affirm.
Following appellant's conviction, he appealed to this court challenging the sufficiency of the evidence. This court examined the evidence and found it sufficient to sustain the conviction. However, appellant is claiming he lost the "unique" right to have the same judge who presided over his trial review the sufficiency of the evidence. *1272 That same judge had denied motions for directed verdict during the course of the trial. However, following the completion of appellate proceedings, the original trial judge filed a "memorandum" in the trial court record which implied that he felt the jury's verdict was harsh. It is this memorandum which apparently gave rise to appellant's subsequent motions for post-conviction relief. As to the failure to file a motion for new trial the record shows that appellant switched from one private attorney to another immediately after his trial. The initial attorney claimed he had been discharged by appellant and testified that he had advised the appellant and his family of the necessity for filing a motion for new trial. The succeeding attorney claimed that he had not yet been retained when the time expired for the filing of the motion.
In this appeal the appellant claims that he is "not really" claiming incompetency of counsel but rather deprivation of his constitutional right to counsel. In State v. Barber, 301 So.2d 7 (Fla. 1974), the Supreme Court of Florida treated a similar claim involving the failure to file a motion for new trial as an issue involving the competency of counsel. Barber involved appointed counsel. If we accept the distinction offered by appellant, then if counsel was not incompetent, and thus not responsible for the failure to file the motion for new trial, the only other explanation is that appellant himself was responsible and that he deprived himself of counsel.[1] We thus see no other recourse but to treat appellant's claim as involving the competency of privately retained counsel.
In Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967) the Florida Supreme Court stated that inadequacy of privately retained counsel was not a valid basis for post-conviction relief. Cappetta and other Florida decisions were cited by the federal court in U.S. ex rel. Reis v. Wainwright, 525 F.2d 1269 (5th Cir.1976) for the same proposition:
In an uninterrupted line of cases Florida has steadfastly refused to recognize incompetency of privately retained counsel as a valid basis for post-conviction relief. The rule appears well entrenched in Florida's jurisprudence, and we see no indication that a Florida appellate court would be inclined to deviate from this well worn path.
Under these holdings, the appellant is not entitled to relief.
However, the appellant contends the Florida decisions are incorrect, and that by not having a motion for new trial filed in his behalf, his constitutional rights to counsel and due process of law have been violated. In Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir.1974) it was held that in order to establish a claim of incompetency of private counsel, the defendant must prove that his trial was fundamentally unfair or that counsel's incompetency was so apparent that a reasonably attentive state official should have interceded to take corrective action. Even under this federal standard, we would be forced to affirm the trial court's decision since appellant's allegations and proof fall far short of the required showing.
Accordingly, the order of the trial court is affirmed.
LETTS, J., and JOHNSON, TOM, Associate Judge, concur.
NOTES
[1] There is proof in the record that appellant was advised of the necessity for filing the motion yet he discharged trial counsel and did not retain new counsel until it was too late.