384 So.2d 311 (1980)
STATE of Florida, Petitioner,
v.
Darrell FARMER, and William C. Gridley, Circuit Judge, Ninth Judicial Circuit, in and for Orange County, Respondents.
No. 80-379.
District Court of Appeal of Florida, Fifth District.
June 11, 1980.
*312 Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for petitioner.
William C. Gridley, in pro. per.
COBB, Judge.
By a petition for writ of certiorari, the Attorney General of the State of Florida seeks review of an order entered by the respondent, William C. Gridley, Circuit Judge of the Ninth Judicial Circuit of Florida, granting a defendant's motion for reconsideration of degree of guilt. By suggestion for writ of prohibition, the petitioner asks this Court to prevent the circuit court from acting without jurisdiction by resentencing the defendant.
On October 18, 1974, after trial by jury, defendant Farmer was convicted of first-degree murder and sentenced to life imprisonment. On November 15, 1974, Farmer filed a motion for reconsideration of degree of guilt pursuant to Florida Rule of Criminal Procedure 3.620, which was denied on May 16, 1975. Farmer's conviction was affirmed, Farmer v. State, 326 So.2d 32 (Fla. 4th DCA 1976), cert. dismissed, 340 So.2d 927 (Fla. 1976). On March 17, 1976, sua sponte, the trial judge, William C. Gridley, filed a memorandum in the court file making observations as to the background circumstances of the case, noting that post-trial motions were not timely filed and that because the time limit was jurisdictional, the trial court had no authority to hear or rule upon the merits of the Rule 3.620 motion. The memorandum went on to state that "the sentencing court stands ready and willing to entertain a motion by the defense under Florida Rule of Criminal Procedure 3.850." Farmer then filed a motion for post-conviction relief on August 29, 1977. This motion was denied by Judge Pfeiffer on January 4, 1978. Denial of defendant's motion for post-conviction relief was affirmed by the Fourth District Court of Appeal on February 9, 1979. Farmer v. State, 366 So.2d 1271 (Fla. 4th DCA 1979), cert. denied, 378 So.2d 344 (Fla. 1979).
Over five years after Farmer's conviction, Judge Gridley attempted a "boot-strap assumption of jurisdiction." On March 4, 1980, Judge Gridley signed a putative order without a hearing and without notice to the parties granting the defendant's 1974 motion for reconsideration of degree of guilt. Judge Gridley determined that he should have interceded within the fifteen-day period provided by Florida Rules of Criminal Procedure 3.850 and 3.620 because, in his opinion, the evidence did not sustain the verdict of first-degree murder, but was sufficient to sustain a finding of guilt of second-degree murder. Judge Gridley determined that the defendant had been denied his constitutional right to due process of law. The March 4th order postponed resentencing for thirty days to allow the state time to file for rehearing or to file an objection. The State of Florida then petitioned this Court to review Judge Gridley's boot-strap assumption of jurisdiction and putative order of March 4th.
On April 25, 1980, this Court issued an order to show cause why the writ of certiorari and writ of prohibition should not issue. *313 Respondent was ordered to show a jurisdictional basis for the putative order signed March 4, 1980, and to show why the order is not in direct contravention and derogation of two previous mandates directed to the Circuit Court of Orange County in this case in Farmer v. State, 326 So.2d 32 (Fla. 4th DCA 1976), and Farmer v. State, 366 So.2d 1271 (Fla. 4th DCA 1979). Proceedings were stayed pursuant to Rule 9.100(f), Florida Rules of Appellate Procedure, pending disposition. Judge Gridley's response fails to show a jurisdictional basis for the putative order signed March 4, 1980.
The law in Florida is clear. Relief under Rule 3.620, Florida Rules of Criminal Procedure, is dependent upon a motion for new trial. Rule 3.590(a) states that a motion for new trial may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or finding of the court. These time limits are jurisdictional. The failure to file a Rule 3.620 new trial motion within the time limit divests the trial court of jurisdiction to hear such post-trial motions. See Long v. State, 96 So.2d 897 (Fla. 1957); Farrior v. State, 76 So.2d 148 (Fla. 1954); State v. Morris, 359 So.2d 478 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 713 (Fla. 1978); State v. Pinto, 273 So.2d 408 (Fla.3d DCA 1973), cert. dismissed, 283 So.2d 367 (Fla. 1973); Thomas v. State, 250 So.2d 308 (Fla. 4th DCA 1971); Clark v. State, 176 So.2d 353 (Fla. 2d DCA 1965); Miller v. State, 134 So.2d 513 (Fla. 1st DCA 1961). In the instant case, the verdict was rendered on October 18, 1974, and the motion to reconsider the degree of guilt was filed on November 15, 1974, twenty-eight days later. The law is clear that the trial court was without jurisdiction to hear the motion for reconsideration of degree of guilt. Judge Gridley's putative order of March 4, 1980, was a material departure from the essential requirements of law. Certiorari is the proper remedy. See State ex rel. Wainwright v. Booth, 291 So.2d 74 (Fla. 2d DCA 1974), cert. discharged, 300 So.2d 257 (Fla. 1974).
In addition, the suggestion for writ of prohibition has affirmatively shown a lack of jurisdiction in the lower court. We find prohibition to be the proper remedy to prevent the lower court from taking further actions in excess of its power. See Florida Admin. Comm. v. District Ct. of App., First Dist., 351 So.2d 712 (Fla. 1977); State ex rel. Gibbs v. Circuit Ct. of Eleventh Judicial Circuit In and For Dade County, Fla., 140 Fla. 378, 191 So. 699 (1939). In the instant case the respondent circuit judge affirmatively represents in his response to the Attorney General's petition that, in the absence of a favorable jurisdictional ruling by this Court, he does not intend to do anything further in this cause and that the issuance of a writ of prohibition is unnecessary. Based on this representation, we decline to issue the writ at this time.
Certiorari is granted and the putative order of March 4, 1980, is quashed.
IT IS SO ORDERED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.