213 So.2d 735 (1968)
Mortimer Norman KORAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-1021.
District Court of Appeal of Florida. Third District.
August 20, 1968.
Rehearing Denied September 24, 1968.
Gerald Kogan and H. Robert Koltnow, Miami, for appellant.
Earl Faircloth, Atty. Gen., and David Cerf, Asst. Atty. Gen., for appellee.
*736 Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
The defendant below, Mortimer Norman Koran, was charged by information in Dade County, Florida, with the unlawful possession of counterfeit driver's licenses in violation of Fla. Stat. § 322.212(1), F.S.A.
He was found guilty, by a jury, on June 20, 1967, and appeals from his judgment and sentence rendered November 30, 1967 for a term of three years in the state penitentiary.
His first point concerns an alleged violation of his constitutional rights by the introduction into evidence of certain tape recordings which were obtained by government agents using electronic surveillance devices. The recorded conversations were played before the jury after their authenticity had been established.
A part of the tape recording, which was generally objected to by the defendant, had been obtained by an undercover agent, one Rivers, who was wired with a microphone and radio transmitter while conversing with the defendant concerning certain criminal activities. These conversations between the undercover agent and the defendant took place under a bridge in Dade County, Florida. They were transmitted to a building nearby where other agents recorded the conversations. The tape also consisted of a recording of several telephone conversations between the defendant and Rivers, and was used to corroborate the direct testimony of Rivers.
Appellant relies heavily on a recent decision of the United States Supreme Court. See Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), decided and released after the trial and judgment rendered in this case.
In Florida, generally, sound recorded evidence of oral conversation is admissible into evidence provided that a satisfactory degree of authenticity has been achieved; Gomien v. State, Fla.App. 1965, 172 So.2d 511, and where, as here, the person causing the recording to be made is the one whose actual testimony is sought to be corroborated by the recording. Hajdu v. State, Fla.App. 1966, 189 So.2d 230.
The recording of the oral conversation between the agent Rivers and the defendant was taken with the consent of one of the parties, Rivers. It was admissible under state law (Gomien and Hajdu, supra) and under federal law. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).
As Justice White, in his concurring opinion in Katz, supra, stated:
* * * * * *
"In previous cases, which are undisturbed by today's decision, the Court has upheld, as reasonable under the Fourth Amendment, admission at trial of evidence obtained (1) by an undercover police agent to whom a defendant speaks without knowledge that he is in the employ of the police, Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); (2) by a recording device hidden on the person of such an informant, Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, (1963); Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394, (1966); and (3) by a policeman listening to the secret microwave transmissions of an agent conversing with the defendant in another location, On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). When one man speaks to another he takes all the risks ordinarily inherent in so doing, including the risk that the man to whom he speaks will make public what he has heard. The Fourth Amendment does not protect against unreliable, (or law-abiding) associates. Hoffa v. United States, supra. It is but a logical and *737 reasonable extension of this principle that a man take the risk that his hearer, free to memorize what he hears for later verbatim repetitions, is instead recording it or transmitting it to another. The present case deals with an entirely different situation, for as the Court emphasizes the petitioner `sought to exclude * * * the uninvited ear,' and spoke under circumstances in which a reasonable person would assume that uninvited ears were not listening." [Id, 88 S.Ct. 517, 19 L.Ed.2d 589]
* * * * * *
The admissibility into evidence of the recorded telephone conversations between the undercover agent and the defendant brings into play a separate and distinct set of rules in our opinion. Formerly the federal law generally required that such evidence must be suppressed, upon proper motion, in federal courts but not in state courts. Schwartz v. State of Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231 (1952).
In Katz, supra, the U.S. Supreme Court overruled its earlier decisions of Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376 (1928) and Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942). It announced that a defendant in federal court charged with violation of a federal statute was protected by the Fourth Amendment to the Federal Constitution and that his federal constitutional rights were violated by the actions of F.B.I. agents in attaching an electronic listening device to a public telephone booth and introducing a recording of such private conversations into evidence over proper objections.
In the instant case one of the parties to the recorded telephone conversations consented to the recording and permitted a recording device to be attached to the telephone. This distinguishes the facts herein from Katz, supra. See Griffith v. State, Fla.App. 1959, 111 So.2d 282; and Barber v. State, Fla.App. 1965, 172 So.2d 857.
The defendant in the instant cause made no specific objections in the trial court that the introduction of these tape recordings into evidence violated his constitutional rights. Generally, specific objections to the introduction of evidence must be raised in the court below in order to be properly considered on appeal.
Since specific objections on these grounds were not raised by the defendant in the court below, and since there is no judicial authority for applying Katz retroactively, and inasmuch as there has been no adjudication that Katz applies in state courts, we reject as untimely and unsound defendant's first point for reversal. Parenthetically, we note that no specific objection was made by the defendant to the introduction of the telephone recording on the ground that it violated any federal or state statute. See Lee v. State, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (U.S. June 17, 1968).
Defendant contends that the trial court erred in permitting references in the opening statement of the prosecution to other collateral offenses allegedly committed by him. This argument is without merit under the circumstances herein. Williams v. State, Fla. 1959, 110 So.2d 654; Winkfield v. State, Fla.App. 1968, 209 So.2d 468.
Lastly, the defendant seeks reversal because the trial court permitted a Florida Highway Patrolman to qualify as an expert and give his opinion as to the counterfeit driver's licenses. This objection is not substantiated by the record on appeal and no abuse of discretion was committed by the trial judge. See Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 So. 332 (1908); Florida East Coast Ry. Co. v. Lassiter, 59 Fla. 246, 52 So. 975 (1910).
The judgment herein appealed is, therefore,
Affirmed.