274 So.2d 517 (1973)
Willie ASHFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 41316.
Supreme Court of Florida.
February 21, 1973.
Rehearing Denied April 5, 1973.
W. Daniel Kearney, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is an appeal from an adjudication of guilt of rape and the imposition of the death penalty. Fla. Const., art. V, § 4, F.S.A. Pursuant to the decision of the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and the decision of this Court in Anderson v. State, 267 So.2d 8 (Fla. 1972), Ashford has been resentenced to life imprisonment by the trial court, but this Court has retained jurisdiction of his appeal.
The victim of the attack testified that a man had forced his way into her home, robbed her of the twenty cents in her purse, beat her with a pistol, and raped her. After her husband returned home from work several hours after the attack, the alleged rape was reported to the Chief of Police of Clermont, the victim was treated at a local hospital for shock, but was not examined.
Three or four days after the attack, the victim was called to the police station and given a view of Ashford being questioned by the police chief in connection with another crime. The chief requested that she view Ashford because he looked like the man she had described and he was wearing a gray hat similar to one she had *518 described as being worn by her attacker. On a pretext suggested by the chief, the victim was able to confront Ashford in the chief's office with no one but herself, Ashford, and the chief present.
Later, she requested and was given another view of Ashford at the Lake County jail while he was accompanied only by a white deputy sheriff. Appellant contends that the two views of the accused afforded the victim constitute reversible error in that no counsel was present and the accused was not advised that he was under suspicion in the rape case and entitled to counsel therefor. Ashford says that the cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), establish that evidence of such viewings and in-court identification which is the fruit of illegal pretrial identification procedures are inadmissible. Although United States v. Wade, supra, Gilbert v. California, supra, and Stovall v. Denno, supra, apply to post-indictment procedures, Ashford urges that the principles are equally applicable to pre-indictment identification procedures.
Both the Supreme Court of the United States (Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)), and this Court (Chaney v. State, 267 So.2d 65 (Fla. 1972)), have considered this contention and refused to interpret the Wade doctrine so as to include pre-indictment procedures. We affirm the position which this Court adopted in Chaney and find the contention to be without merit.
Ashford argues that the trial court erred in allowing the prosecutor to cross-examine him on the basis of the "F.B.I. report" which was secondary evidence of the information contained therein, and therefore inadmissible. It is well established that this Court will not consider issues not presented to the trial court unless fundamental error can be shown. Clark v. Osceola Clay & Top Soil Company, 99 So.2d 869 (Fla. 1958).
Ashford admits that the issue was not raised before the trial court, but urges that the use of the report by the prosecutor constituted fundamental error. In considering the issue, this Court has said:
"`Fundamental error," which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly." Sanford v. Rubin, 237 So.2d 134, 137.
We find no evidence that the error, if any, was fundamental; in fact, we find no evidence that the error, if any, was other than harmless. Therefore, it could not present a basis for reversal even if it were properly before this Court. Fla. Stat. § 924.33, F.S.A.; North v. State, 65 So.2d 77 (Fla. 1953), and DeLaine v. State, 262 So.2d 655 (Fla. 1972).
The judgment of the trial court appealed from is affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.