HOBSON, Judge.
Terrell was found guilty of aggravated assault, and appeals an order withholding adjudication of guilt and placing him on probation.
During the trial, after the victim’s in-court identification of Terrell, defense counsel requested a hearing in the absence of the jury relative to an out-of-court pretrial photographic identification of Terrell by the victim. The lower court denied this request.
Terrell contends that he was denied due process of law by the court’s refusal to grant a hearing relative to the photographic identification. This contention is untenable.
In support of this claim, appellant relies on the “line-up” decisions of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, which were concerned with the admissibility of evidence. But the courts have refused to extend the Wade-Gilbert exclusionary rule to include pre-indictment procedures. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Chaney v. State, Fla.1972, 267 So.2d 65; Ashford v. State, Fla.1973, 274 So.2d 517.
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, Simmons claimed that the identification procedure was so unduly prejudicial as fatally to taint his conviction. The court held that this was a claim which must be evaluated in light of the totality of surrounding circumstances, and held:
“Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method’s potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and- that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misiden-tification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301-302, 87 S.Ct. 1967, 1972-1973 [18 L.Ed.2d 1199,] and with decisions of other courts on the question of identification by photograph.”
In the instant case, defense counsel cross-examined the victim and the investigating officer extensively as to the identification procedure. The victim was in the hospital and the man who shot him was still at large when the victim viewed pictures, approximately the same size, of eight men of similar age, size “and everything else.” On the day of the shooting the victim gave the officer a description of *36 his assailant and the automobile, as well as the tag number of the automobile which was found to be registered in Terrell’s name.
The totality of the particular circumstances of this case does not disclose that the identification of Terrell was so impermissively suggestive as to give rise to a substantial likelihood of misidentification. Simmons, supra. '
Terrell argues that the lower court erred in charging the jury, over objection, on lesser included offenses. This question has been answered adversely to Terrell’s contention by our Supreme Court in State v. Washington, Fla.1972, 268 So.2d 901 and Rayner v. State, Fla.1973, 273 So.2d 759.
The order appealed is
Affirmed.
LILES, Acting C. J., and BOARDMAN, J., concur.