336 So.2d 468 (1976)
James Francis CLARK, a/K/a Robert Francis Clark, Appellant,
v.
STATE of Florida, Appellee.
No. 74-889.
District Court of Appeal of Florida, Second District.
July 28, 1976.
Rehearing Denied September 10, 1976.
*469 Jack O. Johnson, Public Defender, Bartow, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a conviction for breaking and entering with intent to commit grand larceny.
During the presentation of the state's case, one of the arresting police officers testified as follows:
"Q. All right. Did you have occasion to talk with the defendant any further at the scene of the crime?
A. Only when I advised the defendant that he was under arrest for breaking and entering and read him his rights from the card supplied by the State Attorney's Office.
Q. All right. After you had advised him of his rights did he have occasion to say anything to you at all?
A. He refused to make any statements to me, sir, other than he knew nothing about the incident that had occurred at the tavern."
Defense counsel did not object to this testimony or move for a mistrial.
Even though part of the statement attributed to the appellant was self serving, the reference to appellant's refusal to otherwise make a statement after being arrested was clearly improper. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Since the evidence against appellant was strong, the only questions which remain are whether the comment can be considered harmless error or whether appellant waived his right to complain by reason of his counsel's failure to object.
In Bennett v. State, Fla. 1975, 316 So.2d 41, our Supreme Court considered the effect of testimony by a fire marshal that the defendant refused to sign a waiver of rights or to make a statement to the police. The court said:
"The first error of which defendant complains was of constitutional dimension and warrants reversal without consideration *470 of the doctrine of harmless error. Jones v. State, [200 So.2d 574 (Fla. App.3d, 1967)] supra. In any event the error should not be held harmless, as contended by the State, if there is a reasonable possibility that it might have contributed to the conviction. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)."
Ironically, the U.S. Supreme Court case of Chapman v. California cited therein, which established the doctrine that an error of constitutional dimension could be harmless, dealt with a case involving impermissible comments by the prosecutor concerning the defendant's failure to testify. However, there is nothing to keep the Florida Supreme Court from placing a stricter construction upon the similar privilege against self incrimination found in our state constitution. Cooper v. California, 1967, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730.
If there is any doubt that our Supreme Court meant what it said in Bennett, this was laid at rest in Shannon v. State, Fla. 1976, 335 So.2d 5 (Opinion filed June 30, 1976). In reversing a decision which had held that comments on the petitioner's right to remain silent constituted harmless error, the court observed:
"... That decision conflicts with our more recent decision in Bennett v. State, 316 So.2d 41 (Fla. 1975), where we held that any comment on an accused's exercise of his right to remain silent is reversible error, without regard to the harmless error doctrine."
The effect of counsel's failure to object requires a more detailed consideration because the authorities on this point are not in harmony. The cases which will be discussed include not only those pertaining to evidence about the defendant's exercise of his Miranda rights but also those where the prosecutor commented on the defendant having failed to testify at the trial. The analogy between these is viable, we think, because each of the principles for which they respectively stand is grounded upon the defendant's Fifth Amendment right against self incrimination.

Reference to Defendant's Right to Remain Silent is Reversible Error Regardless of Failure to Object.
In Jones v. State, Fla.App.3d, 1967, 200 So.2d 574, the district court of appeal held that a comment that the accused while in custody remained silent in the face of an accusation of guilt was reversible error without objection having been made. The court said:
"... Failure to object at trial will not prevent review of the propriety of introduction of evidence, the admission of which constitutes fundamental error (Rule 3.7(i) F.A.R. 31 [32] F.S.A.), or, in a criminal case, when the appellate court deems it to be in the interests of justice that it be reviewed. .. ."
Likewise, the court of appeal in Bostic v. State, Fla.App.4th, 1976, 332 So.2d 349, held that evidence of the defendant's assertion of his Miranda rights and refusal to make a statement to arresting officers required reversal in spite of the absence of an objection. The court said:
"There can be no doubt that the error involving the admission of such testimony is of constitutional and fundamental dimensions, and thus does not require a trial objection to preserve the issue on appeal. The Third District, in Jones v. State, 200 So.2d 574 (Fla.App.3rd, 1967), a decision recently followed and expressly approved by our Supreme Court in Bennett v. State, supra, squarely so held on facts identical to those before us here."

Erroneous Reference to Defendant's Right to Remain Silent is Waived by Failure to Object.
In State v. Jones, Fla. 1967, 204 So.2d 515 (as distinguished from Jones v. State, supra), the Supreme Court held that the failure to object to statements by the prosecutor which were construed by the district *471 court of appeal as commenting upon the defendant's failure to testify constituted a waiver of the right to complain of the comments. On this point, the court first said:
"Adverting now to the failure of defendant's counsel to object in the trial court until after rendition of the verdict of guilty, respondent calls attention to the rule stated in Gordon v. State, [Fla. 1958, 104 So.2d 524] supra, as follows:
`Ordinarily improper remarks of counsel to the jury can be remedied by appropriate instructions by the trial judge. Consequently under ordinary circumstances such inappropriate remarks will not be reviewed by an appellate court unless timely objection is made in the lower court. This rule, however, is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence then on appeal they may be considered as error even in the absence of an objection in the trial court.' (Emphasis added.)"
The court then observed that prior to Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, when indigent defendants were not offered the services of an attorney, the application of the foregoing exception was necessary to protect the rights of uninformed defendants who were being tried without counsel. Under those circumstances, trial judges were admonished to intervene, sua sponte, and declare mistrials whenever prejudicial comments were made which could not be corrected by appropriate admonition. However, the court continued:
"At the present time all defendants in criminal trials who are unable to engage counsel are furnished counsel without charge. Application of the exception is no longer necessary to protect those charged with crime who may be ignorant of their rights. Their rights are now well guarded by defending counsel. Under these circumstances further application of the exception will contribute nothing to the administration of justice, but rather will tend to provoke censure of the judicial process as permitting `the use of loopholes, technicalities and delays in the law which frequently benefit rogues at the expense of decent members of society.'
It has been suggested that some courts today seem to be preoccupied primarily in carefully assuring that the criminal has all his rights while at the same time giving little concern to the victim. Upon the shoulders of our courts rests the obligation to recognize and maintain a middleground which will secure to the defendant on trial the rights afforded him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
`But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.'
The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made."
In Farmer v. State, Fla.App.4th, 1976, 326 So.2d 32, upon cross-examination the prosecutor had elicited from the defendant an admission that he had remained silent at the preliminary hearing. After pointing out that this was improper, the court of appeal stated:
"... Defendant's counsel initially objected, but then withdrew the objection, apparently because he intended to show on redirect examination that appellant's silence at the preliminary hearing was the result of advice of counsel. There was no motion for a mistrial, no motion to strike this testimony, nor any motion for the court to instruct the jury to disregard such testimony. In short, there was no judicial error, and we are not inclined to hold it as fundamental *472 error in view of defense counsel's tactical decision to withdraw his objection."
Thus, we have the unanimous decision of the Supreme Court in State v. Jones, supra, that the court will review the improper argument of prosecutors only when an objection is timely made. This decision rendered nine years ago has been cited with approval for this point by the Supreme Court as recently as Thomas v. State, Fla. 1976, 326 So.2d 413, though there have been several decisions since 1967 in which certain comments of prosecutors unrelated to the defendant's silence were thought to be so outrageous as to require reversal regardless of the lack of an objection. E.g., Wilson v. State, Fla. 1974, 294 So.2d 327; Thompson v. State, Fla.App.4th, 1975, 318 So.2d 549; Knight v. State, Fla.App.1st, 1975, 316 So.2d 576. Moreover, Jones v. State was the case upon which the Supreme Court predicated its conflict jurisdiction in Bennett, and it was quoted with approval in that decision. However, a motion for mistrial was made in Bennett, so the effect of the failure to make an objection was not directly before the court. Similarly, in Shannon, supra, defense counsel moved for a mistrial. Neither opinion refers to State v. Jones.
Thus it is, that our decision will be in conflict with another Florida decision regardless of which way we go. Foreclosed as we are from determining whether the tainted evidence could be considered harmless, we must make our own determination of the effect of the failure to object, confident that in the final analysis the posture of this case will permit the Supreme Court finally to decide this important question.
As part of our analysis, it may be helpful to consider what is meant by the terms "fundamental error" and "error of constitutional dimension." Justice Adkins reminded us in Sanford v. Rubin, Fla. 1970, 237 So.2d 134, that "fundamental error ... is error which goes to the foundation of the case or goes to the merits of the cause of action." See also Ashford v. State, Fla. 1973, 274 So.2d 517. No objection need be made to preserve an attack on an error which is fundamental. Haley v. State, Fla. App.2d, 1975, 315 So.2d 525. Likewise, it has been held that fundamental error may be raised by collateral attack through a motion for post-conviction relief under RCrP 3.850. O'Neal v. State, Fla.App.2d, 1975, 308 So.2d 569, overruled on other grounds in Roberts v. State, Fla.App.2d, 1975, 320 So.2d 832. In Ashford v. State, supra, the Supreme Court cautioned that appellate courts should exercise discretion under the fundamental error doctrine very guardedly.
Generally, fundamental errors are those of constitutional dimension. But not all errors of constitutional dimension are fundamental. This is illustrated by the fact that while one is protected by the Constitution from an illegal search and seizure, yet the illegality of a search and seizure may be waived by his failure to object to it. Robertson v. State, 1927, 94 Fla. 770, 114 So. 534; New v. State, Fla.App.2d, 1968, 211 So.2d 35. Our Supreme Court has noted that constitutional issues other than those constituting fundamental error are waived unless they are timely raised. Sanford v. Rubin, supra. Thus, it seems fair to conclude that whether errors of constitutional dimension are fundamental depends upon their magnitude.
The desirability of having an objection voiced to evidence of the nature involved in this case is evident. As the Supreme Court observed in State v. Jones, supra, the rule which does not require an objection to be raised to the introduction of evidence of this type "made it possible for defense counsel to stand moot if he chose to do so, knowing that all the while a verdict against his client was thus tainted and could not stand. By such action defendants had nothing to lose and all to gain, for if the verdict be `not guilty' it remained unassailable." Likewise, to insist upon a blanket rule that no objection need be made can have the effect of placing the trial judge on the horns of a dilemma. Assuming questionable evidence has been introduced without objection, the judge may find himself in a *473 position of declaring a mistrial which the defendant doesn't even want. If the judge is wrong (and often the determination of whether the evidence is improper is not so clear), the defendant may be entitled to release without a second trial on grounds of double jeopardy. Strawn v. State ex rel. Anderberg, Fla. 1976, 332 So.2d 601. Whether or not the judge could safely ask defense counsel to take a position with respect to whether he wanted a mistrial is not totally clear. Compare State v. Grayson, Fla. 1956, 90 So.2d 710, with Farmer v. State, supra.
Admitting the influence of some of the practical ramifications, we have concluded that the interests of justice would not be served by the adoption of an absolute rule that in every instance there is no need to object to references to an accused's exercise of his right to remain silent in order to preserve the error. On the other hand, we do not hold that an objection is always necessary to preserve the point. Some references may be so prejudicial to the right of a defendant to a fair trial that the error must be deemed to fall within the ambit of that elusive term "fundamental." As in many other areas of the law, the decision should be made on a case by case basis. The polestar must always be whether the defendant has been afforded a fair trial.
Applying these principles to the instant case, we believe that the admission of the tainted evidence does not rise to the magnitude of fundamental error.
While it would have been prudent not to have asked whether the appellant had made any statement unless the prosecutor ascertained in advance that he had done so, we cannot characterize the interrogation as being designed to impair the appellant's constitutional rights. When the witness made an improper response, the prosecutor did not attempt to continue a dialogue with the witness or otherwise pursue the fact of appellant's exercise of his right to remain silent. Moreover, the defense counsel, who capably performed his responsibility of properly defending the accused, may well have felt that the latter part of the witness' statement: "... other than he knew nothing about the incident that had occurred at the tavern," was valuable testimony to the accused who was charged with breaking and entering the tavern in question with the intent to commit grand larceny. Finally, there is no contention that the prosecutor made any reference to the statement in his final argument to the jury. Under these circumstances, we cannot say that introduction of such testimony, within the context of this record, so infected the appellant's right to a fair trial as to require application of the doctrine of "fundamental error."
AFFIRMED.
HOBSON, Acting C.J., and SCHEB, J., concur.