335 So.2d 875 (1976)
Tommy Lee CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-550.
District Court of Appeal of Florida, Fourth District.
August 6, 1976.
Richard L. Jorandby, Public Defender, and Paul M. Herman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., and Robert L. Bogen, Legal Intern, West Palm Beach, for appellee.
DOWNEY, Judge.
Once again we feel compelled to reverse a judgment and sentence of conviction because the prosecution transgressed appellant's rights at trial by adducing testimony at trial that appellant invoked his Fifth Amendment privileges after being arrested and refused to talk to the police.
After being arrested at the scene the police advised appellant of his constitutional rights. He was then asked what he was doing hiding on a canal bank in close proximity to the scene of the robbery and near some of the incriminating physical evidence. Appellant responded that he had a good reason to be there but preferred not to discuss it with the police. The arresting officer testified to the foregoing conversation without objection. Nevertheless, we think this is fundamental error. Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967).
This is but another variation of the rule laid down by the Supreme Court of Florida in Bennett v. State, 316 So.2d 41 (Fla. 1975). See also Jones v. State, 200 So.2d 574, above; Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976), and Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976). The state argues that the Bennett rule is not applicable because appellant did not stand mute  *876 he did talk to the police. We reject this contention. Appellant told the police he had a good reason for being there but would tell them nothing further. In other words, he chose to stand on his Fifth Amendment privilege. As the Court stated in Miranda v. Arizona, 384 U.S. 436, 468 (note 37), 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694:
"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." (Emphasis added.)
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
WALDEN and CROSS, JJ., concur.