342 So.2d 991 (1977)
Johnny Lee THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-288.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied March 9, 1977.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, and Larry Besser, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., and Harold E. Rosenfeld, Legal Intern, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant, Johnny Lee Thomas, appeals his conviction for robbery and ten-year sentence to the state penitentiary.
Defendant-appellant first contends the trial court erred in allowing the prosecutor to elicit testimony during the cross-examination of the defendant that while the defendant was in custody he remained silent and did not offer exculpatory statements to the police and further erred in permitting the prosecution to comment to the same effect during closing argument to the jury thereby violating defendant's privilege against self-incrimination. We find this point has merit.
The principle of law is now established that any comment upon an accused's exercise of his right to remain silent is reversible error without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976). This legal principle has recently been interpreted to the point where it is now considered a deprivation of due process to allow the accused's silence at the time of arrest to be used to impeach the accused's explanation subsequently offered at trial. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Davis v. State, 342 So.2d 987 (Fla.3d DCA, released this same day).
We, therefore, reverse the defendant's conviction and sentence and remand the cause to the trial court for a new trial.
Reversed and remanded.