347 So.2d 742 (1977)
Richmond E. ROYAL, Appellant,
v.
STATE of Florida, Appellee.
No. 76-588.
District Court of Appeal of Florida, Fourth District.
June 17, 1977.
Rehearing Denied July 22, 1977.
Louis V. Cianfrogna, Titusville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This is an appeal from a conviction for second degree murder. We reverse.
During direct examination before the jury, counsel for the State engaged in the following dialogue with the arresting officer, without objection:
Q. How did you advise the Defendant of his constitutional rights?
A. I advised him that prior to making any statement or answering any questions, either oral or written, that he had a right to be represented by a legal counsel. If he was unable to afford an attorney, the State of Florida would furnish him with an attorney, without any cost to him.
Anything that he said, any statement, either oral or written, must be free and voluntary, without threat of punishment or promise of reward. Anything that he did say could and would be used against him in a court of law. *743 I asked him if he understood, and if he wanted to talk to an attorney before he talked to me.
Q. What was his response?
A. His response was that, "I had a reason for doing what I did, BUT I WANT TO DISCUSS IT WITH AN ATTORNEY FIRST." (Emphasis supplied).
We are somewhat reluctantly of the opinion that the ten words emphasized above constituted a use by the prosecution, at trial, of the fact that the defendant had claimed his Fifth Amendment privilege in the face of an accusation. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966).
The case now before us is analogous to our own recent decision in Carter v. State, 335 So.2d 875 (Fla. 4th DCA 1976). In Carter, the defendant was asked why he was hiding near the scene of a robbery, to which question he replied by saying that he had a good reason for being there BUT PREFERRED NOT TO DISCUSS IT WITH THE POLICE. This dialogue was reported to the jury by the arresting officer, without objection, but we held it fundamental error, nonetheless. Jones v. State, 200 So.2d 574 (Fla. 3rd DCA 1967). We do not see sufficient distinction between the facts in Carter and the case now before us, to justify a contrary conclusion in this cause.
The State cites an exhaustive and well written opinion by Judge Grimes in Clark v. State, 336 So.2d 468 (Fla. 2nd DCA 1976), wherein the policeman testified before the jury, without objection, as follows:
HE REFUSED TO MAKE ANY STATEMENTS TO ME, SIR, other than he knew nothing about the incident that had occurred at the tavern." (Emphasis supplied).
Pursuant to that reported conversation, the court, in Clark, held that the reference to the defendant's refusal to make a statement was "clearly improper;" however, the court concluded that it was not fundamental error and was therefore waived by the failure to object. The holding in Clark is persuasive to us, but it would appear there is an important distinction, namely in Clark, the court noted that as soon as the admittedly tainted evidence came in, the prosecutor abandoned the dialogue and made no reference to it during final argument. By contrast, in the case sub judice, the prosecutor recalled the defendant's statement to the arresting officer by arguing to the jury that:
In New Orleans, when he is arrested there and taken into custody by Agent Schmader, what was his only statement there, and that was after Agent Schmader informed him of his rights. After he knew he was charged with the murder of George Bragg. His only statement was, "I had a reason for doing what I did. I AM NOT GOING TO SAY ANYTHING UNTIL I SEE A LAWYER." (Emphasis supplied).
While a portion of the defendant's statement might be held to be voluntary after a full reading of his Miranda rights, and therefore admissible, the inclusion of the phrase about not saying anything until the appellant saw a lawyer, was a clear reference to his right of silence.[1]
We made reference above to some reluctance in reaching our conclusion. This arises because the offensive words were uttered after a full Miranda warning at the conclusion of which the officer warned appellant that "anything that he did say could, and would, be used against him in a court of law." It is our belief that had the response merely been "I had a reason for doing what I did", then such would have *744 been admissible; however, the inclusion in the same sentence of the additional words "but I want to discuss it with an attorney first", makes it fundamental error.
In so holding, we agree with Judge Grimes in Clark, supra, when he noted that each decision must be reached on a case by case basis, the polestar being whether or not the defendant has been afforded a fair trial, which we do not believe he was in this case; however, we presently do not address ourselves, for example, to the problem of a lengthy voluntary confession, after the administration of complete Miranda warnings, at the conclusion of which the accused says "despite the foregoing confession, get me an attorney first." We will have to cross such a bridge if, and when, we come to it, but regardless, we suggest that prosecutors and their police witnesses refrain, absolutely, from making unsolicited enquiries or remarks before a jury about a defendant exercising his fundamental right to remain silent when arrested.
Reversed and remanded.
MAGER, C.J., and ANSTEAD, J., concur.
NOTES
[1] The appellee's brief, on page 16 thereof, states that the prosecutor's closing argument made reference only to the remark that defendant had a reason for doing what he did and that "no mention in closing argument was made to any silence whatsoever." We would refer the Attorney General's office to page 159 of the transcript, lines 23 and 24 whereat the prosecutor quoted the defendant as saying, "I am not going to say anything until I see a lawyer." We are persuaded that this inaccuracy was but an oversight, but would point out that said oversight was important to the consideration of this case.