PER CURIAM.
Theophilus Martin appeals his conviction for aggravated assault and unlawful possession of a firearm and raises three points on appeal, of which only the second is necessary to consider, to wit: the trial court erred in overruling defendant’s objection and in failing to declare a mistrial when the prosecutor persistently cross-examined the defendant about his failure to make an exculpatory statement to the police after being advised of his rights to remain silent. We find this point has merit.
During the prosecutor’s recross examination of the defendant, the following colloquy occurred:
“RECROSS EXAMINATION
“BY MR. MCHALE:
“Q Mr. Martin, you never fired at Mr. Bryant?
“A I told you, I disabled the vehicle.
“Q Did you tell the police at the scene you did not fire at Mr. Bryant?
“A I may have recall telling the policeman. I was highly emotional, but, I walked out towards Mr. Bryant’s car. ***** *
“Q [By Mr. McHale] Mr. Martin, why did you not tell anyone this story before today?
“MR. GOULD: I object to that question, also, as being argumentative.
“THE COURT: Overruled, sir.
“THE WITNESS: Are you saying why didn’t I tell anyone this story?
“Q Before today.
“A This is where I assume it should be to tell. Everybody is witnesses that comes up.
“Q You waited until the trial to tell this story?
“A What story?
“Q What actually happened, according to you?
“A I was advised of my rights at the police station.
“Q Were you told you could make a statement if you wanted to?
“A He advised me, the detective who was — the detective advised me of my rights.
“Q Did he tell you not to say anything?
“A He said if I wished to I could. If I didn’t, I didn’t have to.
“Q Why did you not tell him actually what happened?
“MR. SOBEL: I object.
“THE COURT: Sustained.
“MR. MCHALE: I have nothing further.
“THE COURT: Anything else from the defendant.”
******
The principle of law is now well established that any comment upon an accused’s exercise of his right to remain silent is reversible error without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla.1975); Shannon v. State, 335 So.2d 5 (Fla.1976). Recently this legal principle has been extended to the point that a deprivation of due process results when a prosecutor is permitted to use the silence of an accused at the time of his arrest to impeach his explanation subsequently offered at trial. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Davis v. State, 342 So.2d 987 (Fla.3d DCA 1977); Smith v. State, 342 So.2d 990 (Fla.3d DCA 1977); Thomas v. State, 342 So.2d 991 (Fla.3d DCA 1977).
The prosecutor’s cross-examination of the defendant concerning the defendant’s pretrial silence was improper and, accordingly, defendant’s convictions and sentences are reversed and the cause remanded to the trial court for a new trial.
Reversed and remanded.