HUBBART, Judge
(dissenting).
I respectfully dissent. I would grant the state’s petition for rehearing and affirm the conviction herein. In my judgment, the error complained of concerning the admissibility of the defendant’s post-arrest silence was not properly preserved for appellate review and the admission of such evidence was not fundamental error.
The error complained of herein was the admission of the defendant’s post-arrest silence elicited from the defendant on cross examination by the state. This testimony was not objected to by defense counsel except on three occasions and then only after some or most of the evidence complained of had been submitted.. Two of these objections were sustained. The third objection was made on the sole ground that the question was argumentative and that ground has been abandoned on appeal.
It has long been the established law of this state that the admissibility of evidence received without objection in the trial court cannot be reviewed on • appeal absent an error of fundamental dimensions. The same rule applies when the evidence is objected to at trial on grounds which are abandoned on appeal. Ashford v. State, 274 So.2d 517 (Fla. 1973); Jalbert v. State, 95 So.2d 589, 591 (Fla. 1957); Walker v. State, 152 Fla. 455, 13 So.2d 4 (1943); Sims v. State, 59 Fla. 38, 52 So. 198 (1910); Ferrell v. State, 45 Fla. 26, 34 So. 220 (Fla. 1903); Jones v. State, 35 Fla. 289, 17 So. 284 (Fla. 1895); Koran v. State, 213 So.2d 735 (Fla. 3d DCA 1968); Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964).
Under well-settled principles of Florida law, this court is accordingly precluded from considering whether the admission in evidence of the defendant’s post-arrest silence constitutes reversible error because the error was not properly preserved for appellate review. In addition, the admission of such evidence does not constitute fundamental error. Porter v. State, 356 So.2d 1268 (Fla. 3d DCA 1978) (Hubbard, J. dissenting) and authorities collected; Gillian v. State (Fla. 1st DCA 1977) (case no. FF-59, opinion filed August 18, 1977); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Farmer v. State, 326 So.2d 32 (Fla. 4th DCA 1976).