356 So.2d 1268 (1978)
Donald PORTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2040.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 21, 1978.
Mark King Leban and Joe N. Unger, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PER CURIAM.
The controlling question presented on this appeal appears to be whether reversible error occurs where the State elicits testimony from the arresting officer that the defendant, while in custody and being advised of his Miranda rights, stated that he wished to have an attorney present and made no statement and where defendant's trial counsel did not object at the time of the testimony. The question arises as follows:
The defendant, Donald Alexander Porter, appeals from a criminal conviction for aggravated battery in the Circuit Court of the Eleventh Judicial Circuit and contends that it was fundamental error for the trial court to fail to grant a mistrial after evidence was admitted that the defendant asked for a lawyer after being given his Miranda rights and made no statement. We agree and reverse.
The defendant was charged by information with aggravated battery before the Circuit Court for the Eleventh Judicial Circuit of Florida. Following a plea of not guilty, the case proceeded to a trial by jury.
At trial, it was undisputed that the defendant shot his son with a gun at the defendant's house. The only witnesses to the shooting were the defendant and his son, and both gave diametrically opposite accounts of the shooting. As a result, the evidence in the record is in considerable dispute concerning whether the shooting was in self-defense or was legally unjustified.
On direct examination of the arresting officer, the prosecuting attorney elicited the following testimony:
"Q: Did you have an occasion to give the defendant any rights?
A: Yes, I did, but not at the scene of the residence. He was transported back to my station where he was advised of his Miranda rights, by card, in the presence of Sergeant Briggs.
Q: By this officer you advised him?
A: Yes, I did.
Q: Prior to this had the defendant made any statements?
A: Made a statement?
Q: After you gave him his rights, at the station, did he have an occasion to make any statement?

*1269 A: After reading the defendant his rights I asked if he would like to make a statement and he merely 
MR. DAVIS: Objection; no predicate.
THE COURT: Sustained at this time.
MS. SIMMS: All right.
BY MS. SIMMS:
Q: Just answer yes or no: Did he made a statement to you, one way or the other?
A: Yes, he did.
* * * * * *
Q: Did the defendant understand, or indicate to you, that he understood, the rights as you read them?
A: Yes, he did.
Q: Did he indicate a desire to have an attorney with him at that time?

A: Yes, he did." [Emphasis added]
The jury found the defendant guilty as charged, and the trial court, after an adjudication of guilt, sentenced the defendant to three years in the state penitentiary followed by seven years probation. The defendant assigns as error the failure of the trial court to declare a mistrial based upon the admission of the defendant's post-arrest assertion of his right to counsel and his failure to make a statement thereafter.
In Martin v. State, 356 So.2d 320 (Fla. 3d DCA 1977), case no. 76-1035, filed July 6, 1977 (appeal pending on a petition for rehearing), a similar question was presented. In that case, we held:
"The principle of law is now well established that any comment upon an accused's exercise of his right to remain silent is reversible error without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976). Recently this legal principle has been extended to the point that a deprivation of due process results when a prosecutor is permitted to use the silence of an accused at the time of his arrest to impeach his explanation subsequently offered at trial. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Davis v. State, 342 So.2d 987 (Fla. 3d DCA 1977); Smith v. State, 342 So.2d 990 (Fla. 3d DCA 1977); Thomas v. State, 342 So.2d 991 (Fla. 3d DCA 1977).
"The prosecutor's cross-examination of the defendant concerning the defendant's pretrial silence was improper and, accordingly, defendant's convictions and sentences are reversed and the cause remanded to the trial court for a new trial."
See also Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976).[1]
The State argues that we should depart from the rationale of the Martin decision in view of Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We hold that this opinion has not changed the law in the State of Florida as enunciated by the Supreme Court of Florida. If a more liberal view of the situation, where a defendant's constitutional rights are abridged but no objection is made, is to be taken in the State of Florida, we believe that such view must be taken by the Supreme Court of Florida. We, therefore, find reversible error under appellant's first point.
In the interests of justice, we must proceed with appellant's second point which, if valid, would preclude a retrial. Appellant contends that the trial court erred in denying his motion for discharge under the speedy trial rule. Our review of the record demonstrates that error is not presented on this record. See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974); State v. Nelson, 320 So.2d 835 (Fla. 2d DCA 1975).
Accordingly, defendant's conviction and sentence are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
NATHAN, Judge, concurring.
The first question to be decided is whether the prosecutor's question, "Did he indicate *1270 a desire to have an attorney with him at that time?" and the answer, "Yes," referred to the defendant's sixth amendment right to counsel, his fifth amendment right to remain silent, or both.
I am of the opinion that they referred to both in this case, for where the facts show that defendant made no statement thereafter, the question had no probative value. Its sole effect was as a comment on the right to remain silent.
This leads to the second question to be decided: Was this error such that no objection was necessary in order to preserve the right to appellate review; in other words, was it fundamental error? While fundamental error need not exist every time a comment is made on the right to remain silent, see e.g., Clark v. State, 336 So.2d 468 (2d DCA 1976), on the facts before us, the effect of the question and answer was of such magnitude as to be fundamental. Except for defendant and his son, no one else was present at the time of the shooting. The jurors had to weigh the conflicting testimony of these men, and the effect of the prosecutor's question was to prejudice defendant's interest so significantly as to call into question his right to a fair trial. Therefore, reversal is required. Royal v. State, 347 So.2d 742 (Fla. 4th DCA 1977).
HUBBART, Judge (dissenting).
I respectfully dissent. In my judgment, the error complained of concerning the admissibility of the defendant's post-arrest silence coupled with his express assertion of the right to counsel was not properly preserved for appellate review and the admission of such evidence was not fundamental error. Moreover, I agree with the court that the defendant's speedy trial claim has no merit. Accordingly, I would affirm the conviction herein.

A
It has long been the established law of this state that the admissibility of evidence received without objection in the trial court cannot be reviewed on appeal absent an error of fundamental dimensions. The same rule applies when the evidence is objected to at trial on grounds which are abandoned on appeal. Ashford v. State, 274 So.2d 517 (Fla. 1973); Jalbert v. State, 95 So.2d 589, 591 (Fla. 1957); Walker v. State, 152 Fla. 455, 13 So.2d 4 (1943); Sims v. State, 59 Fla. 38, 52 So. 198 (1910); Ferrell v. State, 45 Fla. 26, 34 So. 220 (1903); Jones v. State, 35 Fla. 289, 17 So. 284 (1895); Koran v. State, 213 So.2d 735 (Fla. 3d DCA 1968); Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964).
A fundamental error goes to the foundation of the case or the merits of the cause of action and may be noticed by the appellate court although proper objection thereto was not made in the trial court. It is a doctrine which is guardedly and sparingly invoked and only in rare cases where (1) a jurisdictional error appears or (2) the interests of justice present a compelling demand for its application. Ashford v. State, 274 So.2d 517 (Fla. 1973); Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970); Custer v. State, 159 Fla. 574, 34 So.2d 100 (1947); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975); Gibson v. State, 194 So.2d 19 (Fla. 2d DCA 1967); Fla.App. Rules 3.7(i), 6.16.
Sound policy reasons exist for these principles of appellate review. Requiring timely and proper objections to the admissibility of evidence ensures that a trial court will have the opportunity to avoid or correct alleged trial errors when they occur which in turn advances the orderly administration of justice. With the evidentiary issue properly presented below, the trial court is more likely to reach a satisfactory result and thus obviate the need for appellate review thereon. And even where an appeal ensues, the need for unnecessary retrials is considerably reduced. Dilliplaine v. Lehigh Valley Trust Co., 475 Pa. 255, 322 A.2d 114 (1974).
Moreover, it is not wise to require a trial judge to assume the role of advocate by noticing and correcting alleged trial errors not complained of or properly brought to his attention. This runs contrary to the place of the trial judge in our system of justice and is on the whole unworkable to *1271 implement. Serious double jeopardy questions are involved if a trial judge would be required to declare a mistrial on an evidentiary question which a defendant in a criminal case did not request. Clark v. State, 336 So.2d 468, 472-73 (Fla. 2d DCA 1976).
Finally, requiring proper objections to evidence tends to remove the gamesmanship from trials by eliminating the incentive for counsel to avoid making objections to trial error in the hope of winning a jury verdict while being assured of a reversal on appeal in the event of an adverse verdict. Counsel is required to object or waive the error for appellate review. Unnecessary re-trials taxing already overburdened judicial resources are thereby discouraged and the cause of justice advanced. State v. Jones, 204 So.2d 515 (Fla. 1967).
Nonetheless, we have been reluctant for good reason to create an absolute rule which would preclude appellate review in those rare cases where a jurisdictional error appears or a miscarriage of justice has occurred although the error involved has not been preserved in the trial court. This is especially true in capital cases. Thus, the doctrine of fundamental error has been developed to correct such glaring errors. It is, however, a very narrow doctrine and should not be converted into a general rule.
In the instant case, the error complained of is the admission of the defendant's post-arrest silence coupled with his assertion of the right to counsel elicited at trial in the state's case in chief, which testimony was not objected to by defense counsel. Under well-settled principles of Florida law, this court is precluded from considering whether the admission of such evidence constitutes reversible error unless the error was fundamental in nature.

B
There is no doubt that evidence of the defendant's post-arrest silence is inadmissible in evidence upon proper objection because it constitutes a violation of the defendant's constitutional privilege against self-incrimination guaranteed by the state and federal constitutions. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); United States v. Hale, 422 U.S. 71, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); Bennett v. State, 316 So.2d 41 (Fla. 1975). And where properly preserved for appellate review, the admission of such evidence constitutes reversible error without regard to the harmless error doctrine. Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975). I further agree with the court and Judge Nathan in his concurring opinion herein that the same rules should govern the admissibility of a defendant's post-arrest assertion of the right to counsel.
The central question in this case, however, is whether the admission at trial of the defendant's post-arrest silence coupled with his assertion of the right to counsel elicited without objection at trial constitutes an error of such magnitude that the appellate court must notice the error on its own as a fundamental error although not properly preserved in the trial court for appellate review. In my view, the admission of such evidence does not rise to the level of a fundamental error.
A defendant's confession or incriminating statement is ordinarily far more devastating to a defendant at trial than evidence of his post-arrest silence. Similarly, incriminating evidence seized from his person or house often has an equally damaging effect. As to post-arrest silence, a jury might suspect defendant is guilty. As to confessions and physical evidence, however, a jury is confronted with hard evidence of guilt. Indeed a confession is often the most damaging piece of evidence available in a prosecutor's arsenal because through it a defendant has literally convicted himself out of his own mouth.
Yet the Florida courts have consistently held that a confession cannot be attacked as involuntary or otherwise inadmissible for the first time on appeal. A proper motion to suppress the confession or an objection thereto must be made at the trial level in order to preserve the question for appellate review. Wright v. State, 309 So.2d 215 (Fla. 3d DCA 1975); Hernandez v. State, 273 So.2d 130, 133 (Fla. 1st DCA 1973); Blatch v. State, 216 So.2d 261, 264 (Fla. 3d *1272 DCA 1968); Simpson v. State, 211 So.2d 862, 867 (Fla. 3d DCA 1968); Gregory v. State, 181 So.2d 547 (Fla. 1st DCA 1966); Morgan v. State, 177 So.2d 60 (Fla. 3d DCA 1965).
The same rule applies as to evidence attacked for the first time on appeal as having been obtained from a defendant through an unreasonable search and seizure in violation of the state and federal constitutions. A pre-trial motion to suppress such evidence and/or a proper objection to the evidence at trial is essential in order to preserve the question for appellate review. Fuller v. State, 159 Fla. 200, 31 So.2d 259 (1947); Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361 (1942); Robertson v. State, 94 Fla. 770, 114 So. 534 (1927); O'Berry v. Wainwright, 300 So.2d 740 (Fla. 4th DCA 1974); Koedatich v. State, 263 So.2d 631 (Fla. 3d DCA 1972); Dickenson v. State, 261 So.2d 561 (Fla. 3d DCA 1972); Darrigo v. State, 243 So.2d 171 (Fla. 2d DCA 1971); Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969); Simpson v. State, 211 So.2d 862 (Fla. 3d DCA 1968); Tennant v. State, 205 So.2d 324 (Fla. 1st DCA 1967); Coggins v. State, 101 So.2d 400 (Fla. 3d DCA 1958).
If the admission of a confession attacked as being involuntary in violation of the defendant's self-incrimination privilege has never been held to be fundamental error and requires a proper motion to suppress or objection at trial in order to obtain appellate review thereof, it follows that the admission of the defendant's post-arrest silence, which is far less incriminating, cannot be a fundamental error either. And the same reasoning applies as to evidence obtained from a defendant through an unreasonable search and seizure.

C
The Florida Supreme Court has held in State v. Jones, 204 So.2d 515 (Fla. 1967), that it is not fundamental error for a prosecuting attorney to comment on a defendant's failure to testify at trial. A proper objection at trial is required in order to obtain appellate review of such comments. If properly preserved for appellate review, however, such a comment constitutes reversible error without regard to the harmless error doctrine. Shannon v. State, 335 So.2d 5 (Fla. 1976).
The rationale stated in the Jones decision applies with equal force to the instant case. The Court reasoned that since all criminal defendants are required to have lawyers at trial as a result of the Gideon decision, it was no longer reasonable to dispense with the need for objection whenever a prosecutor commented on a defendant's failure to testify. In my view, the same can be said with reference to the admission in evidence of the defendant's post-arrest silence. A defendant should be required to make a proper objection to such evidence in order to obtain appellate review thereof.
In addition, arguments by a prosecuting attorney on the defendant's trial silence are at least as prejudicial to a defendant as the admission in evidence of the defendant's post-arrest silence. They are in fact both violations of the same constitutional privilege against self-incrimination. Indeed, the Florida Supreme Court has treated the two errors synonymously. Shannon v. State, 335 So.2d 5 (Fla. 1976). If the former argument by the prosecuting attorney cannot be a fundamental error, it follows that evidence of the defendant's post-arrest silence does not rise to that level either.

D
In addition to these authorities, sound principle dictates that the admission in evidence of the defendant's post-arrest silence should not be treated as fundamental error. No jurisdictional error or miscarriage of justice appears herein which can be said to go to the foundations of the case. By no stretch of the imagination can it be said that the error is of such magnitude and is so glaring that the defendant's trial was, in effect, a sham.
It is true that the alleged error complained of is of constitutional dimensions. But as Judge Grimes has cogently pointed out in Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), not all constitutional errors are *1273 fundamental errors. See e.g. Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). Cases involving a prosecuting attorney's comment on the defendant's failure to testify at trial, the admission of evidence attacked on appeal as having been obtained through an unreasonable search and seizure, and a confession attacked on appeal as being involuntary, are all examples of constitutional errors which are not fundamental errors.

E
The court as well as the defendant herein rely on a line of District Court of Appeal decisions which have held that it is fundamental error to admit evidence of the defendant's post-arrest silence.[1] In my view, the primary flaw in the reasoning of these decisions, which is compounded by the court's opinion herein, is that they treat Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and Bennett v. State, 316 So.2d 41 (Fla. 1975), as fundamental error cases. They are not. They are cases which have found reversible error in admitting evidence of the defendant's post-arrest silence when the error was properly preserved for appellate review. In each of these cases, a proper objection was made at the trial level to the evidence complained of and no issue of fundamental error was ever raised on appeal. It is true that constitutional error was found in each of these cases, but constitutional error and fundamental error are not synonymous.
The state relies on another line of District Court of Appeal decisions which have held that it is not fundamental error to admit evidence of the defendant's post-arrest silence.[2] The latter line of cases appears to be based on the better reasoning and is in accord with the well-established precedent of this state. I would adhere to this line of cases and recede from the contrary line as a departure from well-settled principles of appellate review.
The court's opinion in this case concludes that the error herein was fundamental in nature and therefore reversible. I cannot agree with this conclusion and would, therefore, affirm the defendant's conviction herein.
NOTES
[1] Petition for writ of certiorari presently pending in the Florida Supreme Court.
[1] Martin v. State, 356 So.2d 320 (Fla. 3d DCA 1977) (case no. 76-1035, opinion filed July 6, 1977) (petition for rehearing pending); Royal v. State, 347 So.2d 742 (Fla. 4th DCA 1977); Davis v. State, 342 So.2d 987 (Fla. 3d DCA 1977); Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA 1977); Spann v. State, 340 So.2d 1215 (Fla. 4th DCA 1977); Woulard v. State, 340 So.2d 945 (Fla. 4th DCA 1976); Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976); Carter v. State, 335 So.2d 875 (Fla. 4th DCA 1976); Williams v. State, 335 So.2d 854 (Fla. 4th DCA 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967).
[2] Gillian v. State (Fla. 1st DCA 1977) (case no. FF-59, opinion filed August 18, 1977); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Farmer v. State, 326 So.2d 32 (Fla. 4th DCA 1976).