404 So.2d 759 (1981)
Dereck CUNNINGHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-3.
District Court of Appeal of Florida, Third District.
September 8, 1981.
Rehearing Denied October 21, 1981.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
Dereck Cunningham appeals from an adjudication of guilt and sentencing on the charge of burglary of a structure. We reverse on two grounds.
First, we find the prosecutor committed reversible error by commenting on the defendant's right to remain silent. In his closing argument, the prosecutor stated:
That raises two questions: The position that the fingerprint, was found inside the door  keep that in mind  approximately the middle of the door in the inside portion. That is very important, how that left hand, little finger got in there. That has not been explained in this case and I think that counsel owes you an explanation for that.
This statement went beyond mere comment on the uncontradicted testimony of witnesses. See, e.g., White v. State, 377 So.2d 1149 (Fla. 1979). Defense counsel immediately objected and moved for a mistrial. The motion was denied, but the issue preserved for appeal. The prosecutor's comment is clearly susceptible of being interpreted by the jury as referring to a criminal defendant's failure to testify and as such constitutes reversible error. David v. State, 369 So.2d 943 (Fla. 1979); Trafficante v. State, 92 So.2d 811 (Fla. 1957). This error cannot be cured by cautionary instructions to the trial jury and is not subject to the harmless error rule. Clark v. State, 363 So.2d 331 *760 (Fla. 1978); Willinsky v. State, 360 So.2d 760 (Fla. 1978); Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975); Peterson v. State, 405 So.2d 997 (Fla. 3d DCA 1981); Watkins v. State, 363 So.2d 575 (Fla. 3d DCA 1978); Martin v. State, 356 So.2d 320 (Fla. 3d DCA 1977); Thomas v. State, 342 So.2d 991 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977); Smith v. State, 342 So.2d 990 (Fla. 3d DCA 1977); Fla.R. Crim.P. 3.250.
We find a second and independent grounds for reversal in the failure to instruct the jury on the maximum and minimum sentences. In Tascano v. State, 393 So.2d 540 (Fla. 1980), the Supreme Court held that the language of Florida Rule of Criminal Procedure 3.390(a) makes mandatory upon request of either the state or the defendant, the giving of an instruction on the maximum and minimum sentences which may be imposed for the offense for which the accused is on trial. Here no instruction on any sentences was given. The record indicates that at the charge conference, Cunningham requested that the jury be instructed as to penalties and that, after the jury was instructed and before it retired to consider its verdict, Cunningham objected to the Court's refusal to give the penalty charges. We believe this is sufficient to preserve the point on appeal. See Williams v. State, 399 So.2d 999 (Fla. 3d DCA 1981). See also footnote 1 of Williams, supra, stating that "[p]ost-Tascano decisions have uniformly applied the Tascano ruling to defendants whose trials were concluded before the date of the Tascano decision, June 5, 1980, and whose appeals were then pending or taken thereafter". Id. at 1000. We do not deem the lack of transcript at that part of the charge conference which discussed the request for the penalty instructions to be of any consequence. Cunningham's objection and times of objection are clearly recorded and made part of the record. The jury was instructed on lesser included offenses; the jury was not instructed on any penalties whatsoever. Defendant clearly requested specific jury instructions on penalties and was denied these instructions. Under the circumstances of this case, we find the issue preserved for appeal.
We do not discuss the merits of appellant's third point on appeal.
Reversed and remanded for new trial.