933 So.2d 29 (2006)
STATE of Florida, Appellant,
v.
James W. MATHIS, Jr., Appellee.
No. 2D04-2477.
District Court of Appeal of Florida, Second District.
May 10, 2006.
Rehearing Denied June 7, 2006.
*30 Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
DAVIS, Judge.
The State challenges the trial court order granting James W. Mathis, Jr.'s motion for new trial. In its order, the trial court determined that the prosecutor had misstated the law during closing argument in Mathis' attempted second-degree murder trial. Although we agree with this conclusion, we disagree with the trial court's determination that the unpreserved error was fundamental. As such, we reverse.
The charge against Mathis stemmed from a gunfight in which Mathis was involved. According to the evidence introduced at trial, when Mathis arrived at *31 Pop's Grocery on the day of the incident, some people who had gathered at the store began joking with him that Corey Smith, the victim, wanted to kill Mathis because he believed Mathis was involved in a burglary of his home. Smith arrived sometime later, approached Mathis, asked him about the burglary, and told him, "Well, there's going to be whatever, whatever when I see you." In his statement to police, Mathis said that he understood this to be a threat against him. Smith walked away from Mathis and approached a woman in a car. After Smith spoke with the woman, she drove out of the store's parking lot. She returned a few minutes later and walked over to Smith. Smith then walked away from the woman and pulled a gun out of his pants; he fired a shot at Mathis from ten feet away. The evidence at trial was undisputed that Smith fired the first shot. When Mathis ran to his car and opened the back door, Smith shot the car's front window out. Mathis retrieved a gun from the back seat of the car, and a gunfight ensued. During the exchange, a third individual, Michaud Mitchell, rode his bicycle behind Smith and shot him in the head. After Smith had fallen to the ground in a slumped position, Mathis came out from behind his car, approached Smith, and fired several shots into Smith's twitching body.
At trial, Mathis' theory of defense was self-defense. During closing argument, the prosecutor stated to the jury that the law on self-defense required Mathis to leave the scene at several points during the incident. At issue here are the prosecutor's statements to the jury that Mathis had a duty to retreat (1) once the people at the store jokingly informed him that Smith was going to kill him and (2) after Smith confronted him about the robbery, made the "whatever, whatever" threat, and walked away from Mathis. Defense counsel did not object to either of these comments by the prosecutor. The jury returned a verdict of guilty as charged, and Mathis moved for new trial pursuant to Florida Rule of Criminal Procedure 3.600.
In granting Mathis' motion for new trial, the trial court concluded that "the initial conversation and confrontation between the victim and [Mathis] did not give rise to the `duty to retreat' under the law. No weapons were brandish[ed]. The words did not indicate immediate danger." The trial court further concluded that because the jury could have based its guilty verdict on the prosecutor's repeated misstatements of the law, the error was fundamental and a new trial was required. We disagree and reverse.
In reviewing the record, we conclude that the trial court erred in finding the error to be fundamental. Florida Standard Jury Instruction (Criminal) 3.6(f) provides:
The defendant cannot justify the use of force likely to cause death or great bodily harm unless he used every reasonable means within his power and consistent with his own safety to avoid the danger before resorting to that force.
....
However, if the defendant was placed in a position of imminent danger of death or great bodily harm and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.
Although the prosecutor here correctly stated that once guns were drawn Mathis had a duty to retreat before resorting to deadly force, he expanded that legal requirement to situations in which a defendant is jokingly informed that he is in danger and situations in which vague threats are made by individuals who then walk away. This was improper. See Cave *32 v. State, 476 So.2d 180, 186 (Fla.1985) ("Counsel may not contravene the law and the jury instructions in arguing to the jury.").
However, on appeal, the State argues that this error, which was not preserved by contemporaneous objection, is not fundamental. We agree. "Fundamental error is the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Dufour v. State, 905 So.2d 42, 74 (Fla.2005).
Here, it cannot be said that absent the error, the jury would have returned a verdict of not guilty. See Miller v. State, 782 So.2d 426, 432 (Fla. 2d DCA 2001) ("[P]rosecutorial misconduct constitutes fundamental error when, but for the misconduct, the jury could not have reached the verdict it did."). The trial court instructed the jury on justifiable use of deadly force and Mathis' duty to retreat. The testimony established that once Mitchell shot Smith in the head, Smith was slumped on the ground and his body was twitching. Mathis was not in imminent danger when he approached Smith and shot him several times. Mathis clearly had the opportunity to leave without further involvement while Smith was lying helpless on the ground. Accordingly, Mathis was not justified in using deadly force once Smith had been shot by Mitchell, and even though the prosecutor may have misspoken by suggesting that the law required Mathis to retreat earlier in the incident, if the jury followed the instructions given by the trial court, it would necessarily return a guilty verdict under these facts. As such, we cannot say that the prosecutor's statements, which were not objected to, were "so egregious as to warrant reversal." Cochran v. State, 711 So.2d 1159, 1163 (Fla. 4th DCA 1998).
Having concluded that the trial court erred in finding the error to be fundamental, we further conclude that it abused its discretion in granting the motion for new trial. See State v. Delafuente, 487 So.2d 1083 (Fla. 4th DCA 1986) (reversing trial court's order granting new trial because error was not fundamental). Accordingly, we reverse the trial court's order granting Mathis' motion for new trial.
Reversed.
SALCINES and LaROSE, Concur.