930 So.2d 865 (2006)
STATE of Florida, Appellant,
v.
Clyde Dickerson FOUNTAIN, Appellee.
No. 2D05-3022.
District Court of Appeal of Florida, Second District.
June 23, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
*866 LaROSE, Judge.
The State appeals the trial court's order granting Clyde Dickerson Fountain a new trial. The trial court concluded that the prosecutor's closing argument impermissibly commented on Mr. Fountain's right to remain silent and his burden of proof. Because the improper comments did not constitute fundamental error, we reverse.
A jury convicted Mr. Fountain of two counts of lewd or lascivious molestation. In his motion for new trial, Mr. Fountain asserted, for the first time, that three statements the prosecutor made in closing argument denied him a fair trial. The trial court found that the combination of "apparently inadvertent" statements misled the jury by suggesting that Mr. Fountain had the burden of proof and by commenting improperly on his right to remain silent.[1] The trial court set aside the jury verdict and ordered a new trial.
Mr. Fountain did not object contemporaneously to the prosecutor's comments. He did not request a curative instruction, nor did he move for a mistrial. Under such circumstances, the trial judge should have granted a new trial only if the unpreserved error was fundamental. See State v. Mathis, 933 So.2d 29, 32, 2006 WL 1235920 (Fla. 2d DCA May 10, 2006). The trial court made no such finding.
Five witnesses testified for the State at trial. Three testified about the initial report of the offenses and Mr. Fountain's arrest. The other two witnesses were the victims, Mr. Fountain's young stepdaughters. They testified, in detail, about the charged offenses.
Mr. Fountain's defense theme was that the children concocted their stories more than two years after the alleged offenses occurred with the coaching of their mother, a woman who was angry, bitter, and dissatisfied with her marriage to Mr. Fountain.
The trial court properly instructed the jury that (1) Mr. Fountain enjoyed a presumption of innocence, (2) he was not required to present evidence or prove anything, (3) he did not have to prove his innocence, and (4) no juror should be concerned that Mr. Fountain did not testify.
The State correctly argues that the prosecutor's statements in closing argument did not rise to the level of fundamental error. "The test for determining fundamental error is whether the error `goes to the foundation of the case or goes to the merits of the cause of action.' Specifically, prosecutorial misconduct constitutes fundamental error when, but for the misconduct, the jury could not have reached the verdict it did." Miller v. State, 782 So.2d 426, 432 (Fla. 2d DCA 2001) (quoting Ashford v. State, 274 So.2d 517, 518 (Fla.1973)); Mathis, 933 So.2d at 32.
In Mathis, we concluded that it could not be said that the jury would have returned a defense verdict absent the prosecutor's misstatements in closing arguments. Id. The error was not preserved and was not fundamental. Therefore, we *867 reversed the order granting a new trial. Id.
The same is true in Mr. Fountain's case. We cannot say that absent the prosecutor's misstatements, the jury would have found him not guilty. Although the prosecutor's statements were improper, the unpreserved error was not fundamental. Id.; see also State v. Delafuente, 487 So.2d 1083, 1085 (Fla. 4th DCA 1986) (absent fundamental error, new trial should have been denied where no objection made to improper argument on defendant's failure to call witnesses).
Reversed.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The prosecutor's challenged statements were as follows: (1) "The evidence is uncontroverted, uncontradicted that this is what happened ..."; (2) "No testimony at all .... [to support defense theory]"; and (3) "[T]he testimony from the girls was really unimpeached. It was uncontradicted. Other than the theory of it didn't happen, there's been no testimony to support a theory that [it] didn't happen." Mr. Fountain's trial counsel stressed in his final closing that Mr. Fountain did not have to present contradictory evidence, that the burden was on the State to prove the offenses, and that the victims' testimony was not credible.