# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2335
Lower Tribunal No. 10-31898
_____

**Adrian Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez Chomat, Judge.

Carlos J. Martinez, Public Defender, and Shannon Healy, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and SUAREZ and EMAS, JJ.

SHEPHERD, C.J.

Appellant, Adrian Brown, seeks reversal of his conviction for attempted armed robbery on the basis that comments made by the State in closing argument were improper and deprived the Appellant of a fair trial. Although we agree with the Appellant that the State engaged in improper argument in its closing, we affirm the judgment of conviction in this case because the comments made do not rise to the level of fundamental error. A brief summary of the facts of the case is necessary to explain our decision.

On October 12, 2010, Brown pulled up behind Willie Singleton in his driveway while Singleton was preparing to leave for work, and brandishing a .40 caliber handgun, Brown demanded Singleton's bracelet. Singleton drew his .25 caliber handgun and fired at Brown in self-defense. Struck by Singleton's defensive fire, Brown returned fire while hastily retreating, leaving blood on the sidewalk in front of Singleton's home. Police found and arrested Brown at a nearby hospital. The blood found on the sidewalk matched that of Brown. At trial, these facts were presented to the jury; however, on multiple occasions during closing argument, the State also improperly referenced Brown's larger caliber ammunition choice as inherently exhibiting guilt. For example, the State argued as follows:

> Now, while Mr. Singleton … told you there had never been a shooting on [his] block, he knew there had been shootings before. So he carries a 25. **And it is so important to make note in your mind that he carries [a] 25. Because he is not out to kill anybody.**

2

**He was not out to take anybody's life. Thank goodness the defendant is still here, because he carries a small powered 25. If he wanted to hurt anybody, if he wanted to take somebody's life, he would have used a 38 or 9** and maybe this defendant would not be here today, ladies and gentlemen.

…

This defendant is so confident that he picked a good, easy target. He sees Willie. He says "let me have your bracelet." **And he has a 40. Why? Because he means business. He is going to have some fire power.**

…

He pops off two rounds, ladies and gentlemen. And he tries to hit Willie. But instead he misses and he hits that hubcap. And how do you know? Because he said it.

And it is right here. You can touch and feel it. **Here is the base of that bullet. Take it out. Compare it to the 25. Bad guy's bullet. Bigger. It is a 40, ladies and gentlemen.**

(emphasis added).

The State's insinuation that Brown was a "bad guy" based on the size or lethality of the ammunition he had on him at the time he committed the crime was improper. Brown lawfully possessed the ammunition he used in the commission of the crime. While it is true that certain types of ammunition, such as armor piercing handgun ammunition, are prohibited by Florida law, see § 790.31 Fla. Stat. (2013), the mere possession by an individual of ammunition that is larger, potentially more lethal than that possessed by another individual does not render a bullet possessed by the former a "Bad guy's bullet." It is only when an individual steps outside the bounds of the law to, for example, use the ammunition in a robbery or murder that a crime has been committed. Simply stated, Brown's purchase or ownership of a

3

"more destructive" ammunition variant than that of his victim was not illegal or itself evidence of anything.

Nevertheless, the defense failed to object to any of these improper arguments and we cannot say the prosecutorial misconduct constitutes fundamental error. See State v. Fountain, 930 So. 2d 865, 866 (Fla. 2d DCA 2006) ("The test for determining fundamental error is whether the error goes to the foundation of the case or goes to the merits of the cause of action. Specifically, prosecutorial misconduct constitutes fundamental error when, but for the misconduct, the jury could not have reached the verdict it did.") (quoting Miller v. State, 782 So. 2d 426, 432 (Fla. 2d DCA 2001)). For this reason, we affirm the judgment of conviction in this case.

Affirmed.